FRANCINA B. TYLER, Appellant, *v.* STEPHEN H. TYLER *et al.,* Appellees.

APPEAL FROM HANCOCK.

In Illinois, where the statute makes the husband and wife heirs to each other, when there is no child or descendant of a child, in the absence of facts, arising subsequent to marriage, showing an intention to die testate, a revocation of a will made by the husband prior to his marriage, by which he disposed of his whole estate without making any provision in contemplation of the relations arising out of his marriage, will be presumed.

Where a statute of Great Britain, or of a sister State, is adopted into our laws, the construction which such statute has received prior to its adoption will be followed.

FRANCINA B. TYLER filed her bill in chancery in the Circuit Court of Hancock county, against Stephen H. Tyler, Hannah Tyler, Charles C. Tyler, and John H. Tyler, in which she alleged that she is the widow of Stephen H. Tyler, Jr., of said

county; that Tyler died on the 25th of January, 1855, in said county; that said Tyler was born in Connecticut and resided there until 1835, when he removed to Illinois. That complainant and said Stephen were married in Illinois on the 15th day of December, 1842, and that they lived together as man and wife until Tyler's death; that no children were ever born of said marriage, and that Tyler never was married except to complainant, and died without children, leaving surviving him as his only heir at law, said complainant, his widow, Stephen H. Tyler, his father, Hannah Tyler, his mother, and Charles C. Tyler and John H. Tyler, his nephews, children of a deceased brother, Alvin Tyler, born in wedlock. That Charles C. Tyler and John H. Tyler are infants without a guardian, and that all defendants reside in Hancock county. That said Stephen and Hannah Tyler have filed in the County Court of Hancock county, a paper purporting to be the will of said Stephen H. Tyler, Jr., a copy of which is filed with the bill. That such pretended will purports to have been made on the 27th day of October, 1834, while deceased resided in Connecticut, and before he moved to Illinois, or married complainant, or acquired the property owned by him in Illinois, when he died, and does not effect said property which was subsequently acquired by him in Illinois. That all the property of which he died seized was acquired by deceased after he moved to Illinois, and after he married complainant. That all the property he left in Connecticut was long since sold and applied to the use of said Stephen H. and Hannah Tyler, his father and mother. That said pretended will devised and bequeathed all the property deceased had when it was made to Hannah Tyler, his mother, after paying his debts, for her support during her natural life, and if anything remained after her death, it was given to Romulus Sanford Tyler, son of Alvin Tyler, and if deceased survived his mother, said Hannah, that his estate should go to said Romulus S. Tyler, and appointed his brother, Alvin Tyler, to be his executor. That said will, if ever made, was for the following purposes: Deceased owned some real and personal estate in Connecticut, and was about to leave that and come out West, and wished his parents, in case of his death, to have the benefit of his property in Connecticut, during their lives or during the life of his mother, and to designate who should succeed to the fee of his property after the death of his mother, if he died on his contemplated western tour; that he did not intend or design said will to operate on his after acquired property.

That Romulus S. Tyler died about September, 1843; that Alvin Tyler died in 1846. That complainant has been appointed administratrix of her deceased husband's estate, and is acting

as such, and as such widow had a right to such administration; that as widow she has a right, after payment of debts, to the whole of the personal estate of deceased and one-half the real estate of which he died seized, as her absolute property, and to the use of the homestead during life; that she is not affected by the will, and that only one-half of the real estate is affected by it. That such after acquired property, subject to her right to the homestead, should be divided in fee in certain proportions, describing them.

That deceased died seized of certain real estate, paticularly described in the bill, all in Hancock county, Illinois.

That deceased left more personal property than will be sufficient to pay his debts. That deceased never republished said will after it was made, but treated it as having spent its force.

The following is a copy of the will:

" In the the name of God, Amen. I, Stephen H. Tyler, Jr., of Harwinton, county of Litchfield, and State of Connecticut, considering the uncertainty of the continuance of life, do on this 27th day of October, A. D. 1834, make and publish this my last will and testament in manner following, to wit:

. *First.* I will, order and direct that all my just debts be duly paid and satisfied.

*Second.* I give and bequeath to my dear mother, Hannah Tyler, all the rest and residue of my estate, both real and personal, to be used for her support during her natural life, and if anything remain at her decease, I will, order and direct that it be given to Romulus Sanford Tyler, son of my brother, Alvin Tyler, and in case I should survive my dear mother, I give and bequeath to the said Romulus Sanford Tyler all my estate heretofore given to my mother.

*Lastly.* I constitute and appoint my brother, Alvin Tyler, executor of this my last will and testament.

In witness whereof, I have hereunto set my hand and seal, this 27th day of October, A. D. 1834."

Defendants were all brought into court by service of process. Defendants, Stephen H. Tyler and Hannah Tyler, filed their answer to said bill, in which they admit that complainant is the widow of Stephen H. Tyler, Jr., who died in Hancock county, 25th of January, 1855, and admit all the allegations of bill. Insist that will has been duly admitted to probate by the County Court of Hancock county, Ill., on the 15th Aug., 1855; that the copy of will is correct.

Insist that the will operates on all his property, and do not know what proportion of his property was acquired after he removed to Illinois and married complainant. Deny that they have had the benefit of his Connecticut property.

11

Insist on Hannah Tyler having a life estate in all his real and personal estate, and deny that deceased did not intend that said will should give direction to his property acquired after the execution of said will, and insist that deceased's intention was that the will should operate as well on his real and personal property that he owned when the will was made, as on his after acquired property, etc., etc.

Charles R. Scofield was appointed guardian *ad litem* for Charles C. and John H. Tyler, and filed an answer for said minors.

At the May term, 1857, of said Hancock Court, the cause was tried by the court, SIBLEY, Judge, presiding, on bill, answers, exhibits and replication, and a decree then entered that complainant be endowed of one-third of the lands in the bill mentioned, and commissioners were appointed to assign said dower, and the bill was dismissed as to all other matters mentioned in said bill, complainant to pay one-third and defendants two-thirds of the cost of said cause.

Complainant appeals from the decree dismissing her bill as to all other matters except dower.

WILLIAMS, GRIMSHAW & WILLIAMS, and GEORGE EDMUNDS, for Appellant.

BROWNING & BUSHNELL, for Appellees.

SKINNER, J. The case shows, that Stephen H. Tyler and the complainant intermarried in this State, in 1842, and here lived as husband and wife until his death in 1855; that he died, never having had a child, and leaving a considerable estate, real and personal, in this State; and that the defendants claim his estate under a will executed in the State of Connecticut, where Tyler then lived, in 1834; which will devises his entire estate to his blood relatives.

The material question is, whether this will, by the change of condition of the deceased, is revoked.

It is essential to a valid will, that it be the *mind* and *intention* of the maker, in relation to the matters to which it relates, at the *time* of his death. And an instrument executed in legal form, purporting to be a last will and testament, whenever made, is received as the last will and purpose of the maker, until shown to have been revoked in some of the ways known to the law.

Our statute contains substantially the same provisions in relation to revocation of wills, as the English statute of 29 Charles II; and the courts of that country have uniformly held, that

*marriage* and the *birth* of a child, effecting a radical change in the condition, relation and duties of one who before had made a will providing for no such contingency or change of condition, by operation of law and presumptively revoke such will; but that marriage alone will not raise such presumptive revocation. Bacon's Ab., title " Wills and Testaments," H; 1 Lomax on Executors, sec. 5; 1 Jarman on Wills, chap. 7, sec. 1; *Sneed* v. *Ewing,* 5 J. J. Marsh. R. 460; *Brush* v. *Wilkens,* 4 John. Ch. R. 507; *Havens* v. *Von Denbury,* 1 Denio R. 27.

By the law of descents, both in England and in this country, the child may inherit the parent's estate; but there the wife is not heir to the husband, while here, she, in case there be no child or descendant of a child of the husband, is such heir and may inherit the one-half of his lands.

The reason of the law is the essence and soul of the law; and the *reason* of the common law rule existing here by force of our statute, making the wife heir to the husband and the husband heir to the wife, where there is no child or lineal descendant, the rule should go with it.

Where a statute of the mother country or of a sister State is adopted into our law, the rule is, that with it is adopted the construction of such statute which, prior to its adoption, uniformly obtained.

The wife, ordinarily, where there are no children to provide for, is a far more meritorious object of the husband's bounty than collateral kinsmen, and is presumed to engage more intensely his emotions of interest and affection. It cannot, therefore, be supposed that he would would willingly die leaving her disinherited and unprovided for.

We hold, that marriage under our statute making the wife heir to the husband and the husband heir to the wife, where there is no child or descendant of a child, is, in the absence of facts showing an intention to die testate arising subsequent to the marriage, a revocation of a will of the husband, made prior to the marriage, disposing of his entire estate without making provision in contemplation of the relations arising out of it.

. Decree reversed and cause remanded.

Breese, J. I concur in the judgment on the ground that the case shows that, at the time of making the will in Connecticut in 1834, the testator was possessed of property there, and there is nothing in the will to indicate that he intended by it to dispose of his after acquired property. As to that, he died intestate, and the appellant becomes entitled, under our statute, to all his personal, and one-half of his real estate, and her dower in the remainder.

*Decree reversed.*