AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN
MISSIONS *et al*

*v.*

CHARLOTTE H. NELSON.

WILL—*when revoked by marriage.* Marriage, under our statute making the husband and wife heirs to each other where there are no children or descendants of a child, is, in the absence of facts arising subsequent to mar-

riage showing an intention to die testate, a revocation of a will, made by the husband prior to his marriage, by which he disposed of his whole estate without making provision in contemplation of the relations arising out of it. The rule in *Tyler* v. *Tyler*, 19 Ill. 151, adhered to.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. LEVI DAVIS, Mr. CHARLES P. WISE, and Messrs. ISHAM & LINCOLN, for the appellants.

Mr. HENRY S. BAKER, and Mr. LYMAN TRUMBULL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 2d day of May, 1867, Arba Nelson, then a widower, without children, made and published his last will and testament. He was at the time possessed of very considerable property, all of which was entirely disposed of by the will, and by far the largest portion was given to the several religious societies named. On the 12th day of October, 1868, he married appellee, with whom he lived as husband until his death, which occurred on the 6th day of February, 1871. There being no issue by either marriage, it is true, as alleged, that the testator died, leaving no child, or descendant of any child, heir surviving.

The will contained no provisions for his widow, in case he should contract a second marriage, nor was any provision made for her support after the marriage took place.

On the will being admitted to probate, letters testamentary were issued to the executors named. There is no evidence of any express revocation of the will under the statute, nor is it insisted there was any re-publication after the marriage with appellee.

The bill is framed on the hypothesis that the will of Arba Nelson, disposing of his entire estate, made when he was a widower, without issue, was revoked, by operation of law, on his marriage with appellee, with whom he lived as husband until the

date of his death, leaving no child, or descendant of any child, heir surviving, and without having made any provision for the support of his widow.

The question raised is purely one of law, and has been most elaborately discussed. The arguments of counsel present an interesting field for investigation, but we decline to enter upon it, for the reason we regard the law which must control the decision as having been definitely settled by *Tyler* v. *Tyler*, 19 Ill. 151. The case is an authority exactly in point, and distinctly enunciates the doctrine that marriage, under our statute making the husband and wife heirs to each other, where there is no child, or descendants of a child, is, in the absence of facts arising subsequent to marriage showing an intention to die testate, a revocation of a will made by the husband prior to his marriage, by which he disposed of his whole estate without making provision in contemplation of the relations arising out of it.

It is conceded this case is conclusive of the one at bar, if its authority can be maintained. We have been urged to reconsider the grounds of the decision, with a view to overrule it. This we must decline to do. The case was determined seventeen years ago, and during all that period the soundness of the conclusion reached has never before been challenged. Whatever might be the views of the court, were it a question of first impression with us, we are of opinion it would be most disastrous to change the rule now. By a recent statute, passed since the rights of the parties to this litigation attached, the principle of that decision has become the positive law. It is declared, "marriage shall be deemed a revocation of a prior will."

It is obvious, therefore, that a reversal of that decision could only have a retroactive operation. Where a decision has become a rule of property, it would be hazardous in the extreme for the court to change it. The inevitable consequence would be to unsettle titles to vast amounts of property. If any change is to be made in the rule adopted, it can only be done with safety by legislative interference. In this case the Gen-

eral Assembly has not only not repealed it, but, by solemn enactment, has adopted for the future the rule itself. In view of this fact, it would be unwise, and productive only of disastrous results, to unsettle the rule on this subject that has prevailed through so many years, whether it is supported by the weight of authority or not. Without entering upon an investigation of the reasons of the decision or the origin of the rule, we shall regard it as the settled law. The principle from which the rule was deduced was borrowed from the civil law, and incorporated into the common law of England. We do not wish to be understood as intimating that the case of *Tyler* v. *Tyler, supra,* can not be maintained by reason and authority. We simply decline to investigate it as a new question.

Acknowledging the conclusive authoritativeness of the case, it is decisive of the chief point at issue in the case at bar. It covers the whole ground, and leaves nothing open for decision. We can not do otherwise than regard the will of Arba Nelson as having been revoked by operation of law, under the facts presented in this record. His estate was therefore intestate, and the court very properly so decreed. This view of the law renders it unnecessary to consider any other question raised in the case.

No error appearing, the decree must be affirmed.

*Decree affirmed.*