## THE INDIANAPOLIS, PERU & CHICAGO R. W. Co. *v.* CRANE ET AL.

SUPREME COURT.—*Practice.*—*Waiver.*—The failure of a party, on appeal to the Supreme Court, to discuss in his argument a question made in the record, is deemed to be a waiver thereof.

SAME.—*Weight of Evidence.*—The Supreme Court, on appeal, will not reverse a judgment on the mere weight of evidence.

From the Laporte Circuit Court.

*D. Moss,* for appellant.

*A. T. Bliss,* for appellees.

Howk, J.—The appellees, as plaintiffs, sued the appellant, as defendant, before a justice of the peace of Laporte county, Indiana, to recover damages for an alleged breach, by the appellant, of a contract of affreightment.

Appellees' complaint was in two paragraphs, but each of them counted upon the same cause of action. In the first paragraph of their complaint, the appellees alleged, in substance, that the appellant was a common carrier for hire; that about the 2d day of September, 1872, the appellees delivered to the appellant, as such common carrier, at Plymouth, Indiana, a station on the line of its railway, in good order and condition, five packages of American Russia sheet-iron, of a specified weight, and of the value of two hundred dollars, owned by the appellees, which sheet-iron the appellant then and there undertook, promised and agreed, as such common carrier for hire, to safely transport and carry, in good order and condition, from said station, to the city of Laporte, Indiana, and there deliver the same, in like good order and condition, to appellees; and a copy of said undertaking was filed with and made part of said complaint; for which transporting and carrying, appellees promised and agreed to pay to appellant a reasonable compensation; and the appellees alleged, that appellant did not safely, and in good order and condition, transport and carry said iron, from said station, to said city of Laporte, and there deliver the same, in like good order and condition, to the appellees; but that, on the contrary, the appellant so negligently and carelessly cared for, handled, transported and carried said iron, and so exposed the same, that said iron became and was thereby moistened, corroded, rusted, spotted and stained, and was thereby damaged in its value, to wit, in the sum of one hundred and fifty dollars; and the appellees averred, that by reason of the premises they had been damaged in the sum of one hundred and fifty dollars, for which sum, and other proper relief, they demanded judgment.

The written undertaking of the appellant, a copy of which was filed with and made part of the complaint, was a receipt, in these words and figures:

"PLYMOUTH STATION, September 2d, 1873.

"Received of the Penna. R. R. Co., lessee of the Pittsburgh, Fort Wayne and Chicago Railroad, in good order, the packages of merchandise charged in column of articles opposite our names. Pittsburgh Way-bill No. 5,280, dated August 29th, 1872. P. for car 444, L. & B. F. Crane, 5 packages iron, 1,141 ℔s., Laporte, Indiana.

(Signed) "J. C. JILSON,

"Ag't I., P. & C. R'w'y."

The second paragraph of the complaint was identical with the first paragraph, except that it contained no reference or allusion whatever to the receipt or any written undertaking.

There was a trial by the justice, and judgment for the appellees, from which the cause was duly appealed to the court below.

In the latter court, there was a trial by jury, and a verdict was returned for the appellees for two hundred and twenty-eight dollars and twenty cents, of which appellees entered a *remittitur* of seventy-eight dollars and twenty cents, leaving a balance of one hundred and fifty dollars, of said jury's verdict.

Upon written causes then filed, the appellant moved the court below for a new trial, which motion was overruled, and the appellant excepted. And judgment was rendered by the court below, upon the verdict, for one hundred and fifty dollars and costs, from which this appeal is now here prosecuted.

In this court, the only alleged error, assigned by appellant, is, that the court below erred in overruling appellant's motion for a new trial. Several causes for a new trial were specifically assigned, in appellant's motion for that purpose. But the only question discussed by appellant's attorney, in his argument of this cause, is a question as to the weight of the evidence. However weak some of the evidence may have been, and although we, as triers of the facts, might possibly have reached a very different

conclusion, from the evidence, to that which the jury reached, yet, as there was evidence, introduced on the trial, tending to support each material point in the appellees' case, we can not disturb the verdict, and the judgment of the court below thereon, on the mere weight of the evidence. This has been so often held by this court, that the rule needs no citation of authorities to support it. The reasons for the rule are stated, clearly and explicitly, by BIDDLE, J., in the case of *Cox* v. *The State,* 49 Ind. 568, and it would be useless to repeat them here.

In accordance with the well established practice of this court, in civil causes, we consider all questions, made in the record, to be waived by the appellant, if he fails to notice or discuss them, in his argument of the cause. We find no error in the record.

The judgment of the court below is affirmed, at appellant's costs.

. Petition for a rehearing overruled at the May Term, 1877.