## EDWIN WELD, EXR.

*v.*

## SARAH C. SWEENEY.

PROBATE OF WILL—*when subscribing witnesses disagree.* On a trial in the circuit court on appeal from a judgment of the county court allowing the probate of a will, where the subscribing witnesses differ as to the mental condition of the testator at the time of the execution of the will, one testifying that he was of sound mind and the other that he was not, it is not competent to permit other witnesses to be examined on the question, and the will can not be admitted to probate.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for the appellant.

Messrs. FULLER & GRAHAM, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is prosecuted to reverse a judgment of the circuit court of DeWitt county, disallowing probate of what is claimed to be the last will and testament of Paschal Mills, deceased.

There were two attesting witnesses—Warner and Sweeney. Warner made affidavit, in the county court, that he saw Mills sign the will, etc., and that he believed he was of sound mind and memory, of lawful age, and under no constraint. Sweeney made affidavit to the same effect as Warner, except that he refused to say therein that he believed that Mills was of sound mind and memory.

The will was admitted to probate in the county court, and from the order there made appeal was taken to the circuit court, where, on hearing, the court adjudged the will was not entitled to probate.

On the hearing in the circuit court, Warner testified in conformity with his affidavit previously made in the county court, and that he believed Mills was of sound mind and memory at the time of the execution of the instrument. Sweeney, however, testified, that he did not believe Mills was of sound mind and memory at the time of the execution of the instrument, and that he was so enfeebled by disease, and affected with stimulants, that he was not capable of comprehending or transacting business.

The question is, the attesting witnesses failing to establish the will, was the evidence of other witnesses admissible for that purpose? Other evidence was heard on the trial, of a conflicting character, with regard to the condition of the testator's mind, but, since it was ultimately excluded by the court, it demands no special consideration, unless it shall be held to have been admissible.

In *Walker* v. *Walker*, 2 Scam. 291, it was said, under the

statute, as then in force, " two witnesses to the will are required
to prove that they were present and saw the testator sign the
will, or acknowledge the same to be his act and deed, and that
they believed the testator, at the time of signing or acknowledg-
ing the same, to be of sound mind and memory. Unless this
be done, no probate can be granted. Hence it is most mani-
fest that no other witnesses could be introduced to establish
what the law requires shall be alone proven by the subscribing
witnesses." And, accordingly, the decision of the circuit
court, excluding all other evidence of the proof of the execution
of the will and state of mind of the testator, was held to be
strictly correct.

Section 13, of chap. 148, entitled " Wills," (Rev. Stat. 1874,
p. 1104,) is, in substance, the same as the amendment of 1845.
It provides: " When the probate of any will and testament
shall have been refused by any county court, and an appeal
shall have been taken from the order or decision of such court
refusing to admit such will to probate, into the circuit court of
the proper county, as provided by law, it shall be lawful for
the party seeking probate of such will to support the same, on
hearing in such circuit court, by any evidence competent to
establish a will in chancery; and in case probate of such will
shall be allowed on such appeal, it shall be admitted to probate,
liable, however, to be subsequently contested, as provided in
the case of wills admitted to probate in the first instance."

In giving construction to this provision, as found in the act
of 1845, it was said, in *Andrews et al.* v. *Black et al.* 43 Ill.
259: " This act seems a recognition of the construction in
*Walker* v. *Walker*, but intended so far to establish a new rule
as to let in other evidence than that of the subscribing wit-
nesses, on the question of sanity when probate had been re-
fused, by implication, at least, leaving the rule to stand, as
decided in that case, on the trial of appeals where probate had
been allowed."

That case differed, so far as this question is concerned, from
this, only in the fact, that there the circuit court admitted the
will to probate, while here it adjudged that it was not entitled

to probate; and it was held, that all evidence of the sanity of the testator, except that of the attesting witnesses, was properly excluded.

It may, undoubtedly, be true that the effect of the statute is, in many cases, to produce great hardship, but this appeals rather to the legislature than to the courts. The whole proceeding is governed by statute, and it is for the legislature to prescribe what evidence shall or shall not be admissible in such cases. We think the construction given in *Andrews et al.* v. *Black et al. supra*, is the only fair and reasonable construction of which the statute is susceptible, and that to go beyond this, for the purpose of relieving against hardship in particular cases, would be legislation and not judicial decision. In *Yoe* v. *McCord*, 73 Ill. 33, the present question did not arise, and what is there said has application to an entirely different state of case.

There was no error in the ruling of the court in excluding all evidence of the sanity of the testator except that of the subscribing witnesses, and, necessarily, its judgment, under their evidence, against allowing the will to be probated, was right.

The judgment is affirmed.

*Judgment affirmed.*