Wilson, J.
At common law the rule is, marriage and the subsequent birth of a' child, amount to a revocation of a will of the husband made before marriage; but that a subsequent marriage, or the birth of a child, is not a revocation- — -they must conjoin. This rule was taken from the Civil Law, based upon “a presumed alteration of the intention of the testator arising from the occasion of new moral duties.” But in the *157 case of Doe d. Lancashire v. Lancashire, 5 Term Rep., 49, Lord Kenyon says:
“Perhaps the foundation of the principle is not so much an intention to alter the will arising from these circumstances happening afterwards, as a tacit condition annexed to the will itself, at the time of making it, that the party does not intend it should take effect if there should be a total change in the relations of the family.”
In the case of Rush v. Wilkin, 4 Johnson’s Ch., 506,Chancellor Kent says:
“The claim of the wife to the benefit of this presumption in the case'of a devise of land, is admitted not to be very strong, because, if she was let in, the land would still descend to the heir, and the law has secured to her, in every event, a provision for life, out of the real estate. Her claim to a provision from the personal estate, rests on higher ground, for in respect to that portion of her husband’s property, she is left entirely at the control of his will and pleasure; but her pretension is here also weakened from the consideration of the provision by dower, which the common law has already secured to her.”
These conditions have been modified by statute, in this state, to the extent that the wife is now the heir of the husband, both as to real estate and personal property, when there are no children, or their descendants, surviving; preserving to her only, the right of dower, if there be children. Provision is also made for her out of the personal estate of the husband, consisting of a year’s support, and one-half of the first four hundred dollars, with one-third of the remainder, after the debts are paid; also her homestead and other exemptions.
The question is, whether, under the law as thus modified, and by reason of such modification, the common law rule, that subsequent marriage alone, does not revoke a will of the husband, is abrogated.
In Tyler v. Tyler, 19 Ill., 151, it is held:
*158 “In Illinois, where the statute makes the husband and wife heirs to each other when there is no child or descendant of a child, in the absence of facts arising subsequent to marriage, showing an intention to die testate, a revocation of a will made by a husband prior to his marriage, by which he disposes of his whole estate, without making any provision in contemplation of the relations arising out of his marriage, will be presumed.”
No reason is given for the rule, in this case, other than the change in the statute of descent, making the wife the heir of the husband, The law. of the case, however, was twice subsequently attacked, in the supreme court of that state, and the court as often refused to reconsider it, for the reason that it had become a rule cf property, and further, it having since been incorporated into the statute law of the state, a reversal would only have a retroactive effect. The American Board of Foreign Missions v. Nelson, 72 Ill., 564; Duryea v. Duryea, 85 Ill., 50.
In the case of Swan v. Hammond, 18 Mass., 45, is found an obiter dictum to the effect that:
“Marriage alone, in the case of a man or woman, would seem to be a sufficient change in condition and circumstances to cause an implied revocation of a will previously made. A will made before marriage, and taking effect after marriage, must take effect in a very different manner from that in the mind of the testator when the will was made. The rights of the husband or wife, must greatly modify its provisions, and it can hardly be supposed, that an unmarried person would make the same will he or she would make after marriage.”
This would seem to be a wholly inadequate ground upon which to raise the implication, that a will, devising real estate in this state, should be revoked by marriage alone, The only effect of marriage upon the devise, would be to burden it with the right of dower, and the law places *159 this incumbrance upon the devise, whether the will be made before, or after marriage. There is, therefore, no cogent reason why the will should be changed after marriage, unless it be intended to change the devise. . The statute law of this state, does not undertake to change the devise directly, by a limitation put upon the power of testamentary disposition after marriage, and it would seem to follow, that it should not be done indirectly, by an implied revocation of his will, because of marriage.
In the case of Brown v. Scherrer, 5 Col. App., 255, it is held: “Marriage, although without issue, operates in this state to revoke a will.” This case, however, is distinguishable from the case at bar, by reason of the statutory limitation upon the right of either the husband or the wife, to make a testamentary disposition of an aliquot part of his or her, real estate, as against the right of inheritance in the other. And, inasmuch as the will, made before, is destructive of this right, it is held to be revoked by the marriage, in order that the right may - be protected. The court supports this conclusion by the argument, that in England, a will made before marriage, is revoked as to realty only when a male heir is born, who can inherit under the law of primogeniture, and in that event, the father not having, the power to defeat the statutory right of inheritance, the will is revoked ex necessitate.
So, in the case of Garrett v. Dabney, 27 Miss., 335, under the married woman’s act in that state, which secured to the husband an estate in fee, if the wife died without issue, her will made before, was held to be revoked by marriage, because it deprived her .of the power to change her will, which was obnoxious to’ her husband’s right in the real estate, vested at the time of marriage. Under the statutes of Ohio, the power of the husband to dispose of his real estate, is the same after marriage as before, leaving to the wife only the statutory right of dower, which attaches *160 in any event. The same reason for revocation, therefore, because of marriage, does not exist in this state.
In 37 W. L. B., pp. 265 et seq., is a series of articles on the subject of common law and statutory revocation of wills, by marriage, by birth of child, by both, written, by E. J. Marshall, of the Toledo Bar, in which the writer collates the authorities on the subject, and reaches the conclusion, that the reason for the common law rule, that marriage and birth of a child are both necessary to a revocation, no longer exists in Ohio. The other authorities, cited by appellant’s counsel, do not present any new or additional phase of the question.
In Connecticut, where by statute the wife inherits as heir to her husband, it was held in Goodsell's appeal from Probate, 55 Conn., 171, that ‘‘A will is revoked by marriage and the birth of a child, but not by marriage alone.” Citing, 1 Redfield on Wills. (4th Ed.,) 298; Brush v. Wilkins, 4 Johns. Ch., 506; Warner v. Beach, 4 Gray, 162; Jarman on Wills, (5th Am. Ed.,) 272. To the same effect are Hoitt v. Hoitt, 63 N. H., 475; Bowers v. Bowers, 55 Ind., 430, which are well considered cases.
In the case of Re Estate of Hulett, (Minnesota Supreme Court), 34 L. R. A., 384, it is held: ‘‘The fact that under our statutes a wife may inherit from her husband, has not changed the common law rule that the will of a man is not revoked by the subsequenCmarriage alone, without the birth of issue.” This ease would seem to be directly opposed to Brown v. Scherrer, supra. The same statutory provisions as to inheritance by the wife from the husband, and a similar limitation of the testamentary power of the husband, as against the wife’s right of inheritance, are found in each case; so that the cases can not be reconciled or distinguished, on principle. In Re Estate of Hulett, all the statutory provisions, changing the relations of^husbond and wife, as touching their effect on the common law’rule of revocation, are made to yield to the argument, that,
*161 .“The main reason why, at common law, marriage and the birth of issue were deemed such a change in the conditions or circumstances of the husband, as would work an implied revocation of his prior will, was, that otherwise, his issue would be wholly unprovided for, — a thing which was not to be supposed to have been in the contemplation of the testator; whereas, under our statute, and we assume without special examination under the statutes of those states in which the decisions cited were rendered, even if the will stand, very liberal provision has been made for the widow independently of any act of the husband;” and “The mere fact that she may now under the statute in certain contingencies inherit from her husband is not sufficient to warrant us in holding that the common law rule has been so changed, that marriage alone, is such a change of condition or circumstances, as will work an implied revocation of the prior will of the husband.”
This question, however must be determined largely by the provisions of the statute law in Ohio. It is the province of the legislature, and not of the courts, to change the rule of the common law. The question, therefore, is whether or not such legislative intent can be gathered from the statutes effecting the numerous changes in the relations of husband and wife. In England and many of the states, it is expressly provided by statute, that marriage alone, shall revoke a will. There is no such express provision in the statute law of Ohio. That being so, sec. 5953, Rev. Stat., which provides in what manner a will may be revoked, would seem to be exclusive.' The revocations implied by law, included in the saving clause of that section, must be held to be such, and such only, as were recognized at common law, at the time the statute was enacted. Hence, we have not only the absence from the statutes of the express provision found in'other states, that marriage alone shall revoke a will, but a provision, which by its terms, must be held to exclude a revocation upon that ground. It is significant also, that sec. 5959, Rev. Stat., which provides. *162 when revocation by the birth of a child shall take effect, does not deem subsequent marriage of sufficient importance to be mentioned as a constituent part of the cause of revocation; and that sec. 5961 provides, that revocation shall not take place by reason of the birth of a child, if the testator have a child, or children, at the time the will is executed. The policy of the law seems to be to limit, rather than to enlarge, the rule of revocation. Sec. 5958, Rev. Stat., provides: “A will executed by an unmarried woman, shall not be deemed revoked by her subsequent marriage;” and this, notwithstanding the statute of descent, makes the husband the heir of the wife under the same circumstances, as under which the wife is made the heir of the husband. To say that by implication, a subsequent marriage will revoke the husband’s will, for the reason that she is his heir, in the face of the provision that it will not revoke the wife's will, he being her heir, is to establish an inequality between them, which is repugnant to the whole trend of the statutes, making them equal before the law. On the other hand, to allow the common law rule, that subsequent marriage alone, will not revoke the husband’s will, to stand, is to establish equality between them; and this, we may conclude, was the object of the section, providing that a woman’s will shall not be revoked by marriage.
We therefore conclude, that the change in the law of descent, making husband and wife heir to each other, under certain contingencies, does not abrogate the common law rule. The record does not disclose whether or not all of the parties in interest are sui juris. The court therefore has not considered what effect the probate of the will and the failure to contest the same within the two years’ limitation would have upon the right to raise the question passed upon.
We find the right to the rents in question to be in the heirs of Sarah Decker, deceased, and a decree may be en: tered accordingly