ROBERT CAMPBELL, *et al.* Appellants, *vs.* LILA W. McLAIN *et al.* Appellees.

*Opinion filed October 28, 1925—Rehearing denied December 3, 1925.*

1. WILLS—*constitutional question, in probate proceeding, must be raised below.* The invalidity of a statute cannot be urged for the first time in the Supreme Court, and although, in a proceeding for probate, no pleadings beyond the petition for probate and objections thereto are required, the record must show that the constitutional question as to the validity of the statute was raised in the trial court.

2. SAME—*no common law rules apply in the law of descent or of wills.* The Descent act and the act in relation to wills in effect repealed the common law with reference to inheritance and there is no other law in Illinois on that subject, and the statute providing for application of common law rules where not repealed by statute has no application as regards the law of descent.

3. SAME—*subsequent marriage of testator revokes will.* Subsequent marriage of a testator operates as an absolute revocation of his will, and the common law rule as to presumptive revocation, only, has no application, even though the testator's wife predeceased him and left no children. (*Ford* v. *Greenawalt,* 292 Ill. 121, distinguished.)

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

R. A. GREEN, GEORGE V. McINTYRE, and WALTER K. LINCOLN, for appellants.

ROSENTHAL, KURZ & TIEDEBOHL, (JAMES ROSENTHAL, EDWARD R. TIEDEBOHL, and SIDNEY LEVY, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, devisees and legatees under the will of John Campbell, deceased, filed their petition in the probate court of Cook county to probate that will. Appellees objected to the probate of the will on the ground that Campbell subse-

quent to the execution thereof married, and that by section 10 of chapter 39 of our statutes, known as the Descent act, such marriage revoked the will. The probate court so held, and appellants appealed to the circuit court of that county, where, on hearing, that court also held the will to have been revoked by the subsequent marriage of Campbell and denied probate. Appellants bring the cause here on appeal, urging, first, that that part of section 10 which provides that "marriage shall be deemed a revocation of a prior will," contravenes section 13 of article 4 of the constitution, for the reason that it is, in effect, an amendment of section 17 of the Wills act, and it was not set out in full as an amendment with that section of the Wills act, as required by said section of the constitution. The second contention is, that if section 10 of the Descent act be held constitutional it should be construed as providing for a presumptive revocation, only, and that the presumption of revocation should in this case be held to be overcome by circumstances surrounding the testator at the time of his death.

It appears from the record that John Campbell on October 4, 1886, executed his will. He was then a bachelor. By his will he devised his property to appellants, children of his brother. On December 30, 1886, he married. He and his wife lived together until 1921, when the latter died. On June 8, 1924, he died. There were no children by the marriage. He made no will subsequent to his marriage. His estate consisted chiefly of real estate in Cook county.

Regarding appellants' contention that section 10 of the Descent act is unconstitutional, it is sufficient to say that no question touching the constitutionality of that section was raised either in the probate or circuit court. On the hearing in the circuit court it was shown by the testimony of witnesses, over the objection of appellees here, that just prior to the death of Campbell he had stated that his will was up-stairs, locked in a trunk or a box. This evidence was ap-

parently offered for the purpose of showing circumstances surrounding the testator at the time of his death and an attitude of mind which negative a presumption of revocation. There was nothing in the evidence offered or objections made to indicate that a ruling was sought on the question of the constitutionality of section 10, and while no pleadings beyond the petition for probate, and objections filed thereto, were required in this case, the record must show that the question was raised in the trial court if it is to be pressed here. It is a rule long established that an appellant may not urge the invalidity of a statute for the first time in this court. *Snyder* v. *Industrial Com.* 297 Ill. 175; *Savoy Hotel Co.* v. *Industrial Board,* 279 id. 329; *Masonic Ass'n* v. *City of Chicago,* 217 id. 58; *Cummings* v. *People,* 211 id. 392; *Mechanics' Savings Ass'n* v. *People,* 184 id. 129; *Chiniquy* v. *People,* 78 id. 570.

The question raised on the second point is whether the will of one who subsequently marries is revoked by virtue of the statute or whether the act provides a presumptive revocation, merely, and whether, in case no children are born of the marriage and the wife pre-deceases the husband, who made the will, such circumstances, with those surrounding the testator at his death, overcome the presumption of revocation arising from the marriage.

It is admitted in the briefs of counsel for appellants that if Campbell's wife were living at the time of his decease his will made prior to their marriage would be void, but it is urged that section 10 of the Descent act provides for a revocation by implication, or a presumptive revocation, only, and not a positive revocation, taking place by reason of the act of the marriage. The argument is that the provision of section 10 should be construed as a declaration of the common law on the subject as it existed prior to the enactment of the statute. This court has held repeatedly that rules of the common law as to the distribution of property by descent no longer exist in this State, and that chap-

ter 28 of our statutes, which declares that the common law
of England and all statutes of a general nature made prior
to the fourth year of James I shall be the rule of decision
and be considered as of full force until repealed by legisla-
tive authority, is of no application as regards the law of
descent, as the Descent act and the act in relation to wills
in effect repealed the common law with reference to in-
heritance, and those acts are the only law prevailing in this
State on that subject. (*Lewark* v. *Dodd,* 288 Ill. 80; *Quirk*
v. *Pierson,* 287 id. 176; *Kochersperger* v. *Drake,* 167 id.
122.)   So it cannot be said that the common law rule as
to presumptive revocation of wills by subsequent marriage
of the testator obtains in this State.

*Tyler* v. *Tyler,* 19 Ill. 151, decided in 1856, *American
Board of Comrs.* v. *Nelson,* 72 Ill. 564, decided in 1874,
and *In re Tuller,* 79 Ill. 99, decided in 1875, cited by ap-
pellants, are cases in which a will was executed and a sub-
sequent marriage took place before the passage of the De-
scent act in 1872 and can have no application here.   It is
pointed out in the *Tuller case* that the act of 1872 having
been passed subsequent to the will and marriage was for
that reason not applicable.

In *Duryea* v. *Duryea,* 85 Ill. 41, decided in 1877, the
record shows that the will of Rodman Bowne was made in
March, 1853, and that in June of that year he married.   His
wife survived him, and the question arose whether or not
his subsequent marriage revoked the will.   The court fol-
lowed *Tyler* v. *Tyler, supra,* and *American Board of Comrs.*
v. *Nelson, supra,* stating, however, as regards the statute
referred to, that the subsequent marriage of a testator must
under it be regarded as a revocation, by operation of law,
of his will previously made.

In *McAnnulty* v. *McAnnulty,* 120 Ill. 26, it was claimed
by proponents of the will that section 10 of the Descent act
should be construed as providing that a subsequent mar-
riage revokes a will as to the party marrying the testator

and as to the issue of such marriage, only, and that it did not operate as an absolute revocation. It was held, however, that if that section is to be given effect according to its letter and import it must be construed to mean what it says,—*i. e.,* "and a marriage shall be deemed a revocation of a prior will." In that case the *Tuller case, supra, Tyler* v. *Tyler, supra, American Board of Comrs.* v. *Nelson, supra,* · and *Duryea* v. *Duryea, supra,* were discussed, and it is there clearly pointed out that they were based upon the law as it existed before the enactment of section 10 of the Descent act, in 1872. It was there said: "If the statute of 1872 is to have any effect at all, a marriage since its adoption, whether of a man or woman, must operate *per se* as a revocation of a prior will, and so we hold." This rule was again announced in *Crum* v. *Sawyer,* 132 Ill. 443, *Sloniger* v. *Sloniger,* 161 id. 270, *Hudnall* v. *Ham,* 172 id. 76, *Kane* v. *Hudson,* 273 id. 350, *Wood* v. *Corbin,* 296 id. 129, and *Gillmann* v. *Dressler,* 300 id. 175.

Appellants contend that this rule was departed from in *Ford* v. *Greenawalt,* 292 Ill. 121, and they cite that case as laying down the rule to be followed here. The facts are in nowise similar. In that case, Ford by his will, made prior to his marriage with Ruth Inscho, provided that in case he married her, as he then contemplated doing, she should receive certain bequests. That case rested upon the peculiar facts in it, and it was held in *Wood* v. *Corbin, supra,* and *Gillmann* v. *Dressler, supra,* that the rule in the *Ford case* should not be extended to cases where the facts come clearly within the intention of the legislature in the passage of the act. As said in the cases here cited, the statute means just what it says,—*i e.,* that marriage by a testator subsequent to the making of a will revokes the will. The circuit court, therefore, did not err in so holding, and its order will be affirmed.

*Order affirmed.*