MATHEW A. PHILLIPPE *et al.* Appellants, *vs.* NETTIE F. CLEVENGER, Appellee.

*Opinion filed February 19, 1909—Rehearing denied April 7, 1909.*

1. WILLS—*section 17 of the Statute of Wills does not abrogate rule of revocation of will by implication.* Section 17 of the Illinois Statute of Wills provides the method for expressly revoking a will, but it does not abrogate the common law rule that a will, or a part thereof, may be revoked, by implication, by acts of the testator inconsistent therewith.

2. SAME—*a devise is revoked by conveyance of subject matter and is not revived when testator re-acquires title.* A provision of a will devising land is revoked, by implication, by a conveyance of the land during the testator's lifetime, 'and it is not revived when the testator subsequently re-acquires the title to such land, where the will is not re-published in the manner provided by the statute for the execution of wills.

APPEAL from the Circuit Court of Champaign county; the Hon. W. G. COCHRAN, Judge, presiding.

A. D. MULLIKEN, (HUMPHREY & ANDERSON, of counsel,) for appellants.

F. M. & H. I. GREEN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Champaign county, entered in a suit for the partition of certain lands of which John Phillippe, Jr., died seized, commenced by the appellants, against the appellee, in so far as it disposes of the title to the west half of the south-west quarter of section 5, township 20, north, range 8, east of the third principal meridian, Champaign county, Illinois.

It appears from the record that in and by the fourth paragraph of his will, which bore date September 15, 1877, John Phillippe, Jr., devised to Nettie F. Clevenger, his daughter, in fee simple, the premises heretofore described;

that on April 24, 1879, the said John Phillippe, Jr., by warranty deed, for and in consideration of love and affection, conveyed said premises to his said daughter, Nettie F. Clevenger, and she took possession of said premises; that on January 10, 1883, the said Nettie F. Clevenger, by warranty deed, for and in consideration of $3000 to her in hand paid, re-conveyed to said John Phillippe, Jr., the said premises and surrendered possession thereof to him, and that John Phillippe, Jr., was in possession of and seized in fee simple of said premises at the time of his death, which occurred on November 10, 1884; that the fifth paragraph of the will of said John Phillippe, Jr., gave the use of all the estate of which he died seized which had not been specifically devised, to his wife, Susan J. Phillippe, during her natural life, and that she took possession of his estate, including the premises devised to Nettie F. Clevenger, and had possession thereof until her death, which took place on March 7, 1907; that by the sixth paragraph of his will John Phillippe, Jr., provided that the residue of his estate, both real and personal, upon the death of Susan J. Phillippe, should be equally divided between his children, Mary F. Scroggins, Mathew A. Phillippe, John F. Phillippe and Nettie F. Clevenger, and the children of a deceased daughter, Melissa J. Buckles, the said grandchildren to take their mother's share.

The trial court held that Nettie F. Clevenger took the fee title, absolutely, to the premises devised to her by paragraph 4 of the will, and the only question here presented for determination is the correctness of the decision of the trial court in that regard, it being the contention of the appellants that by the conveyance of said premises by John Phillippe, Jr., to Nettie F. Clevenger, during his lifetime, paragraph 4 of his will was revoked, and that said provision of the will was not revived by the re-conveyance of said premises to John Phillippe, Jr., and that the premises described in said paragraph 4 of the will passed to his chil-

dren and grandchildren under the sixth paragraph of the will as a part of the residuum of his estate or to them as intestate property.

It seems to be well settled by the common law of England that a conveyance by a testator of lands which he has specifically devised by his will revokes the will as to said lands, (30 Am. & Eng. Ency. of Law,—2d ed.—p. 652; I Underhill on Wills, sec. 415; I Jarman on Wills, chap. 7, sec. 3; 4 Kent's Com. p. 528;) and that a specific devise of lands is not revived by reason of the fact that the testator subsequently acquires title to the lands conveyed. (30 Am. & Eng. Ency. of Law,—2d ed.—p. 654; 4 Kent's Com. p. 529; I Jarman on Wills, p. 147.) The question here involved is therefore narrowed to the question whether those rules of the common law are in force in this State.

The common law of England, so far as the same is applicable and of a general nature, is in force in this State with reference to the revocation and revival of wills, except in so far as it has been repealed by statute. (Rev. Stat. chap. 28, sec. 1; *Stetson* v. *Stetson,* 200 Ill. 601.) It is, however, contended by Nettie F. Clevenger that the common law in regard to the revocation of wills by implication is repealed in this State by section 17 of the Wills act, (3 Starr & Cur. Stat.—2d ed.—chap. 148, p. 4044,) which reads as follows: "No will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testament or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no words spoken shall revoke or annul any will, testament or codicil in writing, executed as aforesaid, in due form of law."

The section of the statute referred to has been in force in this State since the enactment of the Revised Statutes of

1845, and in a number of cases decided by this court since that time wills have been held to have been revoked, in whole or in part, by the acts of the maker of the will which do not fall within the provisions of said section 17,—that is, they have been held to have been revoked by implication. (*Tyler* v. *Tyler,* 19 Ill. 151; *In re Tuller,* 79 id. 99; *Updike* v. *Tompkins,* 100 id. 406; *Duryea* v. *Duryea,* 85 id. 41; *American Board of Commissioners for Foreign Missions* v. *Nelson,* 72 id. 564.) The ground upon which the courts hold a will to be revoked by implication is, that the acts of the testator subsequent to its execution show an intention inconsistent with the will,—in other words, his acts show an intention that his will is not to be carried out as originally drawn. In the *Tyler case,* where the marriage of the testator took place subsequent to the execution of his will and where there was no child or the descendant of a child, it was held, in the absence of facts arising subsequent to the marriage which showed an intention to die testate, that the will was presumed to be revoked by the marriage. To the same effect is *Duryea* v. *Duryea, supra.* We think it clear, therefore, that section 17 of the Wills act only applies to the revocation of a will where there is an express intention on the part of the testator to revoke a will, and that said section does not apply to the revocation of a will, or a part thereof, arising by implication of law from the acts of the testator which show such a change in the condition of his estate as to raise a presumption that he intended to revoke a part or the whole of his will. Section 6 of the English Statute of Frauds, (8 Pickering's Stat. at Large, p. 406,) which is, in substance, the same as section 17 of the Wills act in force in this State, was in force in England at the time the rule was established in that country that a will, or a part thereof, could be revoked by implication. We are therefore forced to the conclusion that the doctrine of the revocation of a will, or a part thereof, by implication, is not abrogated by statute in this State.

We therefore hold that by the conveyance of the premises in question to Nettie F. Clevenger by the testator the fourth paragraph of the will of John Phillippe, Jr., was revoked, and that as he never re-published his will after the premises were re-conveyed to him, in accordance with the statute pointing out the manner in which wills are to be executed, that paragraph of the will was not revived by a re-conveyance of the premises to him by his daughter. To hold otherwise would be to hold it was the intention of the testator that his daughter, Nettie F. Clevenger, was to have the eighty-acre tract of land mentioned in paragraph 4 of the will and $3000 in cash in addition thereto, while the will shows upon its face that it was manifestly the intention of the testator that his said daughter should only be preferred over her brothers and sisters, in the division of her father's estate, to the extent of the eighty acres of land.

The question whether the premises covered by the fourth paragraph of the will, if that provision of the will is held to have been revoked, passed to the persons named in paragraph 6 of the will as the devisees of John Phillippe, Jr., as a part of the residuum of his estate, or to the same persons as heirs-at-law of said John Phillippe, Jr., is immaterial and need not be decided, as said devisees and the heirs-at-law of John Phillippe, Jr., are the same persons, and the interests which they would take in said eighty acres of land, either as devisees under the will or under the law as heirs, is the same.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to overrule the demurrer of Nettie F. Clevenger to the bill filed in this case for the partition of said eighty-acre tract of land.

*Reversed and remanded, with directions.*