EUGENIA MEILY *et al.* Plaintiffs in Error, *vs.* ROBERT S. KNOX, Exr., *et al.* Defendants in Error.

*Opinion filed October 27, 1915.*

1. WILLS—*rights of legatees who are to receive proceeds of the sale of certain land devised to trustee.* Where the only gift to named legatees is a direction that they shall receive the proceeds of the sale of a certain tract of land devised to a trustee so far as such proceeds will go, their rights are limited to the proceeds of the sale of the particular land, and if the devise to the trustee is revoked by a sale of the land by the testatrix in her lifetime the bequests fail.

2. SAME—*devise revoked by conveyance of the land by testator.* In Illinois a devise is revoked by a conveyance of the land by the testator during his lifetime.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

S. C. IRVING, for plaintiffs in error.

FOREMAN, LEVIN & ROBERTSON, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The superior court of Cook county, after a hearing, dismissed for want of equity a bill brought for the purpose of having the will and codicil of Sarah J. Tucker construed and the legacies provided in the third clause of the will and codi-

cil declared to be valid and directed to be paid by the executor. The complainants appealed to the Appellate Court for the First District, which affirmed the decree, and a writ of *certiorari* has been allowed to bring the record before this court for review.

Mrs. Sarah J. Tucker executed her will on March 2, 1909. The third clause is as follows:

*"Third*—I give and devise unto my sisters, Mary Wood, Nellie Mildren, Bessie Knox, Annie Detweiler, Lottie Poland and Emily Villa, and unto my brother, William J. Cooke, share and share alike, my property located in Lima, Allen county, Ohio, and more particularly described as follows, [description of property,] to be sold by them and out of the proceeds thereof to pay the following bequests, so far as the proceeds will go, in the order indicated:

*"(a)* To my step-son, Chester Tucker, of Lima, Ohio, two thousand dollars ($2000.)

*"(b)* To my step-daughter, Mrs. George H. Meily, (*nee* Eugenia Tucker,) of Lima, Ohio, one thousand dollars ($1000.)

*"(c)* Two thousand dollars ($2000) for the erection of a monument on my lot in Oakwood Cemetery.

*"(d)* Fifteen hundred dollars ($1500) to be expended to place a memorial window in the Episcopal church founded by my beloved husband in said Lima, Ohio.

*"(e)* One thousand dollars ($1000) to be invested by the trustees of the Oakwood Cemetery of Chicago, Illinois, for the purpose of defraying the expenses of keeping my lot in said Oakwood Cemetery in good order and condition."

There was a residuary clause disposing of all the residue of her property, and her nephew, Robert S. Knox, was named as executor. The next day after executing the will Mrs. Tucker executed a codicil, which is as follows:

*"Codicil*—I, Sarah J. Tucker, of Chicago, declare this to be my first codicil to my last will executed on March 2, 1909:

"1. Devise all of the real estate of which I may die seized, and all of the shares of capital stock in Chicago Railways, American Smelting, United States Steel owned by me at my death, to my sister Lottie Poland, as trustee, with full power to sell same or any part or any interest therein, convey perfect title to said property or any part; and I do hereby direct my said trustee to distribute the proceeds realized from the sale of any or all of said property equally between my sisters and brother named in my last

will and testament, the proceeds realized from the sale of the
Lima, Ohio, property, however, to be subject to the specific be-
quests provided in and by my said last will and testament in para-
graph 3 thereof.

"I do hereby re-affirm my last will of March 2, 1909, except
only as modified and controlled by this my first codicil, dated
March 3, 1909."

On December 2, 1909, the testatrix sold the property in
Lima, Ohio, and received therefor the sum of $7370.98.
She died on January 26, 1910. Her estate consisted of some
shares of stock·in several corporations, $1786.10 in cash,
$1524.25 of personal effects, and certain real estate in Cook
county. The plaintiffs in error are the step-daughter of
the testatrix named in the third clause of the will, and the
church therein mentioned. A separate answer was filed by
the Oakwood Cemetery Association, admitting the allega-
tions of the bill and stating that upon a proper construction
of the will and codicil the association was entitled to receive
out of the assets of the estate $1000 under the third clause
of the will and codicil.

It is the position of the plaintiffs in error that by the
terms of the will and codicil it was the intention of the tes-
tatrix that the several sums of money specified in the third
clause of the will should be paid out of the assets of the
estate; that they were made a charge upon the Lima prop-
erty; that upon the sale of that property prior to the decease
of the testatrix the legacies became general charges upon the
remainder of the real and personal estate' of the testatrix,
and that the persons named in the third clause of the will
are entitled to be paid the several amounts therein stated, out
of the general assets of the testatrix. The case has been
argued on the part of the plaintiffs in error on the theory
that the amounts named in the third clause of the will were
demonstrative legacies, payable first out of the proceeds of
the Lima property, but if that property should prove not
available or insufficient, then payable out of the general as-
sets of the estate. It has been argued on the part of the de-

269 — 30

fendants in error on the theory that the third clause of the will constituted a specific devise of land, with instructions to sell and make distribution of the value, and not a bequest of legacies to be paid primarily, but not exclusively, out of a designated fund; that the devise and legacies were therefore specific and not demonstrative, and that by the sale of the property by the testatrix in her lifetime both the devise and the legacies were adeemed.

The effect of the third clause of the will and the codicil was to devise the real estate in Lima, Ohio, to Lottie Poland as trustee, to sell, and distribute the proceeds among the persons named in the third clause so far as such proceeds would go. There was no gift to the persons named, aside from the direction to the trustee as to the distribution of the proceeds of sale. Whether any of such persons should receive any amount, and if so, how much, depended upon the sale of the real estate by the trustee and the amount received from such sale. There is nowhere in the will any evidence of an intention to give the persons named any amount except such as might be received from the sale of the real estate. Their rights depended entirely on the devise of the real estate to the trustee. In this State a devise of land is revoked by a conveyance of the land by a testator during his lifetime. (*Phillippe* v. *Clevenger,* 239 Ill. 117.) The rights of the plaintiffs in error being dependent upon the devise to the trustee, and that devise having been revoked by the testatrix's conveyance of the subject matter, there was no basis left for them to claim any interest in the estate under the third clause of the will and the codicil.

The superior court properly dismissed the bill, and the judgment of the Appellate Court affirming the decree will be affirmed.                    *Judgment affirmed.*