## Edgar A. Sims et al., Appellants, v. Etta Sims Hays et al., Appellees.

1. COMMON LAW, § 1*—*how far law of England in force.* The common law of England, so far as the same is applicable and of a general nature, is in force in this State with reference to the revocation and revival of wills, except in so far as it has been repealed by statute.

2. WILLS, § 123*—*when devise of land is not revived.* A devise of land by a testator, who afterwards sells the land, is not revived by the testator subsequently reacquiring title to the land.

3. WILLS, § 122*—*when conveyance operates as revocation of will.* Where a will directs the sale of land and the distribution of moneys realized from such sale, and the testator subsequently conveys the land, such conveyance is a revocation of the will as to such land, and the devisee of the land has no interest in the fund produced by such sale, even though it can be traced and identified.

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 19, 1918.

JESSE PEEBLES, for appellants.

ALEXANDER H. BELL, for appellee Etta Sims Hays.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Edgar A. Sims and John M. Sims filed the bill in this case praying for a construction of the will of Mary A. Sims, dated March 8, 1917, and that the proceeds of a note for $1,500 be decreed to be distributed amongst the children of Mary A. Sims and the descendants of the deceased. The provisions of the will of which a construction is asked are:

"First: That is to say that I desire that my youngest daughter, Etta Sims, have all the personal prop-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

erty of whatever kind or character that I may be possessed at the time of my death.

"Second: As to the real estate consisting of eighteen acres of land in Section No. Eight (8) in Township No. Twelve (12) North Range No. Eight (8) west of the third principal meridian in Macoupin County in the State of Illinois as well as any interest I may have in other lands or in lands that I may come in possession before my death, I desire to be disposed of in manner following: As soon as convenient after my death, I direct that my executor shall sell said real estate to the highest bidder for cash and that out of the proceeds arising from said sale she shall pay first all my just debts including my funeral expenses and expenses attending my last illness, all moneys remaining after the debts and Court costs are paid I desire that it be divided into five equal parts and given to my five children living, viz., Edgar A. Sims, Emma A. Baird, John M. Sims, Charles M. Sims and Etta Sims, each child a part, and in the event of the death of any or all of my children then the children of said deceased to receive the one part that would have gone to the parent. And in the event of one of my heirs die without issue then that part shall be divided equally between the surviving heirs as before specified."

After the making of the will, Mary A. Sims conveyed the land described in the will to her daughter Etta Sims, and took back a promissory note for $1,500. This note she held at the time of her death in November, 1915. The court heard the cause on the bill and answer of Etta Sims Hays and entered a decree that under the will Etta Sims takes all the personal property owned by the testatrix at the time of her death, including the promissory note taken for the land sold, and that the complainants have no interest in the proceeds thereof. The complainants appeal.

The contention of appellants is that the second

clause of the will directing the executor to sell the land and divide the proceeds was a bequest of personalty, and that the beneficiaries under the will of the proceeds under a sale made by the executor, if the testatrix had not sold it in her lifetime, would still be entitled to the proceeds resulting from a sale made by her, because the will directed the executor to sell the land and divide the proceeds in a certain way.

The common law of England, so far as the same is applicable and of a general nature, is in force in this State with reference to the revocation and revival of wills, except in so far as it has been repealed by statute, and a devise of land by a testator, who afterwards sells the land, is not revived by the testator subsequently reacquiring title to the land.  *Phillippe v. Clevenger,* 239 Ill. 117.

When a will directs the sale of land and the distribution of the moneys realized from such sale, and the testator subsequently conveys the land, such conveyance is a revocation of the will as to such land, and the devisee of the land has no interest in the fund produced by such sale, even though it can be traced and identified.  Jarman on Wills (6th Ed.), 164, star paging 129; *In re Miller,* 128 Iowa 612; *McNaughton v. McNaughton,* 34 N. Y. 201; *Arnold v. Arnold,* 1 Bro. Ch. (Eng.) 401; *Sharp v. McPherson,* 10 Ohio Cir. Ct. R. 181; *In re Dowd,* 58 How. Pr. (N. Y.) 107; note to *Ametrano v. Downs,* 58 L. R. A. 719; 40 Cyc. 1207.

The decree in this case follows the rule announced in the foregoing decisions and no case is cited announcing any different rule.  The decree is affirmed.

*Affirmed.*