*In re* CANFIELD'S ESTATE.

1. WILLS—CONSTRUCTION—INTENTION OF TESTATOR TO BE GIVEN EFFECT.

In construing will, court should determine, so far as possible from will and surrounding circumstances, intention of testator, and give that intention effect.

2. SAME—SPECIFIC LEGACIES NOT PAYABLE OUT OF BODY OF ESTATE.

Amounts bequeathed to testator's children from proceeds of certain life insurance policies are specific bequests, and, where such policies had lapsed, are not payable out of body of estate.

Case-made from Alpena; Emerick (Frank), J. Submitted October 23, 1929. (Docket No. 59, Calendar No. 34,571.) Decided December 3, 1929.

The Union Trust Company of Detroit, executor, presented for probate the last will of Irvin S. Canfield. From an order of the probate court ordering payment of certain legacies to Portia Louise Bonninghausen and Dudley Vernon Canfield, Grayce G. Canfield, residuary legatee, appealed to the circuit court. Judgment in favor of residuary legatee is reviewed by case-made. Affirmed.

*Lloyd L. Axford, William E. Tarsney,* and *Arthur Axford,* for appellant Portia Louise Bonninghausen.

*Bernard A. Klatt* and *F. E. Jenkins,* for appellant Dudley Vernon Canfield.

*Carl R. Henry* and *Guy D. Henry,* for appellee.

POTTER, J. March 11, 1924, Irvin S. Canfield made and executed his last will and testament, the second and third paragraphs of which were as follows:

"Second: I give and bequeath to my daughter, Portia Louise Bonninghausen, the sum of eight thousand dollars ($8,000) and the sum of two thousand dollars ($2,000) to be the proceeds of a policy of insurance on my life issued to me by the Banker's Life Association (Banker's Life Company) that is in terms payable to her in her maiden name of Portia Louise Canfield.

"Third: I give and bequeath to Dudley Vernon Canfield, the sum of one thousand dollars ($1,000) and the sum of four thousand dollars ($4,000) to be the proceeds of two policies of insurance on my life issued to me by the Banker's Life Association (Banker's Life Company) that are in terms payable to him.

"My reasons for not providing more for said Dudley Vernon Canfield in this my will are because of amounts of money before given him for his education and other purposes and his conduct towards me since."

February 27, 1929, the probate court of Alpena county made an order holding that inasmuch as the insurance policies referred to in paragraphs two and three of the will had lapsed during the lifetime of deceased for nonpayment of premiums thereon, the whole amount of $10,000 should be paid to Portia Louise Bonninghausen and the whole sum of $5,000 to Dudley Vernon Canfield from the body of the estate. On appeal taken from the order of the probate court, the circuit court of Alpena county made an order reversing the order of the probate court. The trial court said:

"(a) That the clause in the second paragraph of said will 'I give and bequeath to my daughter, Portia Louise Bonninghausen, the sum of eight thousand and 00-100 ($8,000) dollars,' is a general legacy and should be paid as such.

"(b) That the clause in the second paragraph reading 'and the sum of two thousand and 00-100 ($2,000) dollars to be the proceeds of a policy of insurance on my life, issued to me by the Banker's Life Association (Banker's Life Company) that is in terms payable to her in her maiden name of Portia Louise Canfield,' is a specific legacy, and it appearing that the policy had lapsed, and that no proceeds will be realized therefrom and that said legacy had failed and stands adeemed, said bequest should not be paid from the general estate.

"(c) That the clause in the third paragraph of the said will reading 'I give and bequeath unto Dudley Vernon Canfield the sum of one thousand and 00-100 ($1,000) dollars' is a general legacy and should be paid as such.

"(d) That the clause in said third paragraph reading 'and the sum of four thousand and 00-100 ($4,000) dollars to be the proceeds of two policies of insurance on my life issued to me by the Banker's Life Association (Banker's Life Company) that are in terms payable to him,' is a specific legacy and that no proceeds will be realized therefrom and that said legacy had failed and stands adeemed and as such should not be paid out of the general estate."

Exceptions were filed to the findings of the trial court and the case is here on case-made. To construe the will of deceased we are to determine, so far as possible from his will and the surrounding circumstances, his intention, and give that intention effect. If the insurance policies mentioned in the second and third paragraphs of the will had been kept in force, at his death the proceeds thereof would not have belonged to the body of the estate but to the beneficiaries named in the policies. The policies were not kept in force but permitted to lapse. The will was not changed during the life-

·time of the deceased. We think it was not the intention of the testator that an amount equal to the proceeds of such policies specifically mentioned in paragraphs one and two should be taken from the body of the estate and paid to the legatees therein named in case the policies should lapse. The trial court made a correct disposition of the case, and we agree with his disposition thereof and the reasons assigned by him therefor.

Judgment affirmed, with costs.

North, C. J., and Fead, Butzel, Wiest, Clark, McDonald, and Sharpe, JJ., concurred.