In re Estate of Kate Smith, Deceased, Estate of Ellen
Henrietta Smith, Deceased.
Pauline Hunt et al., Appellants, v. Anne Baker, Execu-
trix of the Will of Ellen Henrietta Smith, De-
ceased, et al., Appellees.

Gen. No. 8,808.

Opinion filed January 12, 1934.

E. R. Phelps and Jesse Peebles, for appellants.

James H. Murphy, for appellees.

Mr. Justice Davis delivered the opinion of the court.
Kate E. Smith in her lifetime executed her will
which contained the following clause:
"First, I give, devise and bequeath to my brothers,
Haney V. Smith, Lemuel B. Smith and Edward L.
Smith, and my sister, Hannah M. Boswell, share and
share alike, to have and to hold to my said brothers
and sister, their heirs and assigns forever, my prop-
erty on Washington Ave., St. Louis, Mo., to be dis-
posed of as they can agree among themselves. My
brother, Haney V. Smith, must make a will as soon as
he receives his share leaving his share to his wife
during her lifetime or marriage, then it is to go to the

five daughters of my sister, Hannah M. Boswell: Nellie, Bessie, Birdie, Hattie and Myrtle Boswell."

Kate E. Smith died in 1903, but before she died she sold the real estate mentioned in the above clause of her will and the proceeds of the sale became a part of her estate upon her death and were distributed by her executors between her four brothers and her sister, the brother, Haney V. Smith, receiving a total of $8,611.15 from her estate.

Haney V. Smith made his will on December 27, 1905, and devised and bequeathed all his real and personal property to his wife, Ellen Henrietta Smith, to have and to hold, during the term of her natural life, with the right to use and sell any or all of it as she might see fit, and if at the time of her death there should remain any part of his estate which she had not used or disposed of, that the part so remaining shall be divided as follows: to his brother, Edward L. Smith, $2,000; to his brother, Lemuel B. Smith, $1,000; to the First Methodist Church of Bunker Hill, $1,000; all the remainder to be divided equally between the five daughters of his sister, Hannah.

On March 14, 1908, he made a codicil making some changes in the will, which are unnecessary to mention as they are immaterial to the issue here involved.

On June 4, 1928, Ellen Henrietta Smith, the widow of Haney V. Smith, made her will wherein she disposed of certain funds received by her from the sale of a cottage which she personally owned in Piasa Chautauqua. All of this property was other and separate from that received by her under the terms of the will of her husband. Her will made no disposition of any property which she acquired under her husband's will. Sometime after the execution of her above mentioned will, she was declared distracted and a conservator was appointed for her estate. She died on the 8th day of September, 1931.

Upon a hearing upon the final report of the conservator, in the county court, the four daughters of Hannah M. Boswell, deceased, and two of her granddaughters who represented a deceased daughter filed their petition in the county court for an order on the conservator to distribute the funds in his hands, derived from the estate of the husband of Ellen Henrietta Smith, to them on the ground that they were held in trust for them under the will of Kate E. Smith. The county court denied the prayer of the petition, and on appeal to the circuit court the prayer of the petition was again denied.

The question involved is what effect did the conveyance of the property in St. Louis, by Kate E. Smith, have in regard to the devise thereof in her will.

This same point was before us in *Sims. v. Hays,* 212 Ill. App. 23, wherein we held that where a testator devises certain lands in his will or directs them to be sold and the proceeds divided among certain beneficiaries and before his death conveys the property, such conveyance is a revocation of the will as to such land, and the devisee of the land has no interest in the fund produced by such sale, even though it can be traced and identified.

In support of this doctrine we cited the leading case on this subject, *Phillippe v. Clevenger,* 239 Ill. 117. The court in the *Phillippe* case made a very able and exhaustive discussion of the question here presented, and after a review of many authorities held in substance the law to be in this State that notwithstanding section 17 of the Statute of Wills, Cahill's St. ch. 148, ¶ 19, provides the method by which wills may be revoked, yet it does not abrogate the common law rule that a will, or a part thereof, may be revoked by implication, by acts of the testator inconsistent therewith, and a will devising land is revoked, by implication, by a conveyance of land during the testator's lifetime.

The rule thus announced in the *Phillippe* case has been followed and affirmed in several cases, among which are the following: *Yott v. Yott,* 265 Ill. 364; *Meily v. Knox,* 269 Ill. 463.

It is, therefore, apparent that the conveyance of the St. Louis property by Kate E. Smith in her lifetime revoked the provision of the will mentioned and that the petitioners took nothing thereunder. The judgment of the circuit court is affirmed.

*Judgment affirmed.*