(No. 23158.—

L. H. STRANG *et al.* Appellants, *vs.* VERT M. DAY *et al.* Appellees.

*Opinion filed December 16, 1935.*

A. B. JOHNSON, for appellants.

STEVENS & HERNDON, for appellee Vert M. Day.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Walter B. Strang made his will in 1919. He devised to the appellee Vert M. Day all his property by these words: "All the property, real, personal or mixed of which I may die seized, or which I may be legally entitled to at the time of my death, and wherever situated, either in possession, reversion, remainder or otherwise, to be his absolute

property forever, to own, control and to dispose of as he may see fit." In 1921 he and his wife conveyed the lands described in the amended complaint to Day, who later, with his wife, re-conveyed them to the testator. On December 16, 1933, Walter B. Strang died owning the land and without re-publishing his will. The will was admitted to probate in the county court of Greene county and letters of administration with the will annexed were issued to A. D. McLamar. Appellants, who are Strang's only heirs, filed their amended bill of complaint in the circuit court of Greene county on November 17, 1934. Day thereupon filed his motion to dismiss. The motion was allowed and the bill of complaint was dismissed. This appeal followed.

It was alleged in the amended bill of complaint, and is contended here by appellants, that the conveyance of this land to Day was a revocation of the will of Strang to that extent, and that as to this land Strang died intestate and the title passed by descent to appellants. The shares of the complainants were stated, the tenants and Day were made defendants, and the complaint prayed for partition.

Although the language quoted from the testator's will makes a gift of all his property of every kind to Day and is a general instead of a specific devise, appellants contend that there was an implied revocation of the devise of the land sought to be partitioned. Appellants rely upon *Meily* v. *Knox,* 269 Ill. 463, but that decision is of little aid here, for the reason that there the testatrix conveyed and never re-acquired the land. It is obvious that a will cannot pass title to lands sold during the lifetime of the testator, if he does not re-acquire them.

Appellants also rely upon *Phillippe* v. *Clevenger,* 239 Ill. 117. There the testator made a specific devise of the land to his daughter, Nettie F. Clevenger, and later he deeded it to her, and still later he purchased it from her for $3000. The residuary clause of the will was in favor of all his children. In the *Phillippe case.* we cited authori-

ties sustaining the holding that a conveyance of land which was the subject of a specific devise revoked the grantor's will by implication. We held that unless he re-published his will after he had regained title the devise was not revived. But that decision and the authorities that are cited refer to cases of specific devises and nothing is said of a case concerning a general devise. At page 120 we said: "The ground upon which the courts hold a will to be revoked by implication is, that the acts of the testator subsequent to its execution show an intention inconsistent with the will—in other words, his acts show an intention that his will is not to be carried out as originally drawn. * * * We think it clear, therefore, that section 17 of the Wills act only applies to the revocation of a will where there is an express intention on the part of the testator to revoke a will, and that said section does not apply to the revocation of a will, or a part thereof, arising by implication of law from the acts of the testator which show such a change in the condition of his estate as to raise a presumption that he intended to revoke a part or the whole of his will."

Before the enactment of the Statute of Wills of 32 Henry VIII, (chap. 1,) real property could not be devised because the feudal system required livery of seizin to effect a conveyance. It was held that wills must operate as conveyances. (*Halderman* v. *Halderman,* 342 Ill. 550, 554.) After the passage of that act and before the passage of the English Statute of Wills of 1 Victoria, (chap. 26,) and the Statute of Frauds of 29 Car. II, two reasons were given for holding that a conveyance of land made after it had been specifically devised by the will of the grantor worked an implied revocation of the devise. The first was that the will could not affect land acquired after its execution, and the second, the conveyance of the land which was the subject of the specific devise in the will indicated the testator's intention to revoke that part of his will. The Wills act of Henry VIII contains the words "every per-

son having any manors, lands," etc., and from this it was reasoned that wills could not be given the effect of passing title to after-acquired real property, since at the time of their making the testators did not have such real estate. (*Willis* v. *Watson*, 4 Scam. 64.) But as early as 1833 (Laws of 1833, p. 315; Ill. State Bar Stat. 1935, chap. 148, par. 1; 148 S. H. A. 1;) the power was given to devise after-acquired real estate. This left real estate so that it could be devised as personal property had been and should have removed both reasons for holding that there was an implied revocation. As is pointed out in Page on Wills, (2d ed. secs. 456, 466,) the rule has always been that a will would operate on after-acquired personal property, and even if the testator sold it and later obtained title again, or if he acquired title after his will was made, his will would pass title to his personal property regardless of when he became the owner.

In *Halderman* v. *Halderman*, 342 Ill. 550, and *Eckardt* v. *Osborne*, 338 id. 611, we discussed fully the power of a testator to devise after-acquired real estate. The presumption that a testator intends to dispose of all of his property rather than to die intestate as to a part of it is there invoked, and the rule is adhered to that the will speaks from the date of the death of the testator. We recognized · the requirement that it must appear that the testator intended to pass title to after-acquired real estate, but found that intent in language which created a general devise of his property such as is contained in the will before us. The rule which is best supported by reason is, that there is no implied revocation of a devise of real property where the testator conveys the property, re-acquires title thereto and dies without re-publishing his will.

For the reasons stated, the decree of the circuit court of Greene county is affirmed.

*Decree affirmed.*