Harry Alcorn, Appellant, v. LeRoy Alcorn et al., Appellees.

Opinion filed March 1, 1941. Rehearing denied April 3, 1941.

JAMES DEBORD, of Olney, for appellant.

JOHN LYNCH and R. S. ROWLAND, both of Olney, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Richland county, dismissing the complaint of appellant, Harry Alcorn (hereinafter called plaintiff), as amended, on motion of appellees, LeRoy Alcorn et al. (hereinafter called defendants), for want of equity. The action was substantially one seeking relief for alleged breach of trust and requesting, as a basis therefor, the construction of the will of William E. Alcorn, deceased, and the determination of whether or not any trusts were declared in such will, and likewise requesting further relief incidental thereto.

The pleadings show that William E. Alcorn died on December 31, 1895, leaving the plaintiff and the defendants as his surviving children, and also leaving

surviving his widow, Mary J. Alcorn. Plaintiff and all of the other children were at that time of lawful age and under no legal disability with the exception of one of the defendants, who was a minor at the time of her father's death. The will of William E. Alcorn was made some 15 years before he died. It is shown by the complaint that during that 15-year period after the date of the will, he disposed of all of his property (with the exception of some lots in Cincinnati, Ohio, and some subsurface rights to a public park located in the village of Noble, Illinois). The heirs of William E. Alcorn and Mary J. Alcorn still own the public park, subject to a common-law dedication of the same to public use, but the Cincinnati lots were all conveyed to the widow of William E. Alcorn by the heirs (including plaintiff) of William E. Alcorn (except the defendant who was a minor hereinabove referred to). A decree of the Hamilton county, Ohio, common pleas court, in a partition suit under the laws of Ohio, vested title to said lots in the said widow of William E. Alcorn. All of the remaining property was conveyed during his lifetime by the said William E. Alcorn to his wife, Mary J. Alcorn.

The said William E. Alcorn had supposedly died intestate, but in 1899, it is disclosed that the widow discovered the will of said William E. Alcorn (the complaint implies that she had concealed it in the interim). In any event, such will was probated in the county court of Richland county on January 2, 1900. The executors of the will filed their inventory, which was approved in 1903, and in the inventory recited the fact that after the making of his will, the said William E. Alcorn had conveyed his real estate by deed to his wife, Mary J. Alcorn. The inventory simply listed $600 worth of personal property. Final report in such estate was, likewise, approved in 1903.

The pleadings also disclose that the said Mary J. Alcorn, widow of William E. Alcorn, died in 1921, and

that plaintiff had made no objection that she had not properly acted as to the estate of the deceased William E. Alcorn, or that she had concealed his will. The said Mary J. Alcorn, in her last will and testament, bequeathed to her son, the plaintiff, a certain house and lot in Olney, Illinois, and the sum of $1,000 in cash, which the plaintiff received and acknowledged to be in full and complete payment under the terms of his mother's will and as to any and all claims due from such estate of his mother. Such receipt was signed in 1937, and the final report in the estate of plaintiff's mother, Mary J. Alcorn, was approved on October 7, 1937.

The complaint charges that the mother, Mary J. Alcorn, through concealment and deception operated to defraud plaintiff of his interest in property under the will of William E. Alcorn. The complaint is vague in many particulars, but on examination of such complaint we are unable to find any allegation of facts which shows that defendants have received any right, title, or property belonging in equity or justice to the plaintiff as an heir or pursuant to the will of William E. Alcorn. Under the facts and circumstances in this case we must conclude that the judgment of the circuit court of Richland county dismissing the cause for want of equity was proper.

A will does not become effective until the death of the testator and may be destroyed or altered at any time during the lifetime of the maker. Such will cannot vest in another any property that the maker does not have at death. The complaint in the instant case shows that when William E. Alcorn died he owned no real estate, except that outlined heretofore. Nothing could be transferred by the will which was not owned at death by the testator, and the courts of this State have many times established that a will devising real estate may be revoked by the testator during his lifetime by a subsequent valid conveyance (*Meily v. Knox,*

269 Ill. 463, 466; *Phillippe v. Clevenger,* 239 Ill. 117, 119). No facts are otherwise pleaded to show that the said William E. Alcorn ever executed a trust instrument of any kind for the benefit of any person, or ever vested, as trustee, in the said Mary J. Alcorn or any other person, title to any of the property conveyed.

The facts relating to the administration of the William E. Alcorn estate likewise justify the action of the trial court in the dismissal of the plaintiff's complaint. As we have indicated, final report was filed and approved in such estate in 1903. In the estate of Mary J. Alcorn, the widow, final report was approved in 1937. Notice was given as provided by law, and if any contention is made, as might be implied from some of the allegations of the complaint, that the actions approving such final reports were erroneous, the judgments approving the reports should have been appealed from by the plaintiff. Plaintiff, by failing to appeal, is bound by the action on such orders in such estates (*Schlink v. Maxton,* 153 Ill. 447). In the estate of Mary J. Alcorn, as a matter of fact, the pleadings show the receipt by plaintiff of certain bequests and conveyances in discharge of all obligations to him in such estate. Plaintiff is additionally bound by his acceptance of such benefits under the terms of the will of his mother (*Gorham v. Dodge,* 122 Ill. 528).

Reference is made in the complaint to the will of William E. Alcorn by the terms of which a life estate was devised and bequeathed to his widow, with the remainder to his children. A provision of the will also directed the executors to sell and convey the real estate and personal property of which the deceased died possessed, and to convert the money realized from the sale into United States government bonds. In this connection, no facts are alleged to show any fraudulent conduct by the life tenant under the will, nor are any facts alleged upon which to base a right of action against the defendants in this proceeding, despite the

fact that a number of amendments were made in the complaint before the order of dismissal, which is appealed from, was entered.

As to the will of William E. Alcorn, which is made the basis of plaintiff's complaint, the least that could be said of plaintiff is that he is barred by laches. Proceedings to enforce a trust have been barred by the doctrine of laches (*Herr v. Payson,* 157 Ill. 244). Courts of equity follow the law in the application of statutes of limitation (*Harding v. Durand,* 138 Ill. 515), and often treat a lapse of a shorter period than is provided in actions at law as a bar to a recovery in equity (*McMillan v. McMillan,* 184 Ill. 230; *Walker v. Warner,* 179 Ill. 16). The estate of William E. Alcorn has been closed and the executors had been discharged for 35 years before the filing of the complaint, and both executors are now deceased. No property, subject to the will, remains to be disposed of. From the pleadings there appears to be no trust unexecuted created by the will, and no question of trust involved. Under the circumstances, there appears to be no basis or justification for action to construe the will (*Strawn v. Jacksonville Female Academy,* 240 Ill. 111; *Fletcher v. Root,* 240 Ill. 429).

We must, therefore, conclude that the action of the circuit court of Richland county in dismissing the cause for want of equity was not erroneous and should be affirmed.

*Judgment affirmed.*