# THE MINNESOTA LIFE INSURANCE CO. v. M. A. ALLEN, Administrator, et al.

# THE LAMAR LIFE INSURANCE CO. v. MARY E. COWARD et al.—401 S.W.(2d) 589.

Middle Section.  October 29, 1965.

Certiorari Denied by Supreme Court January 17, 1966.

Solon Fitzpatrick, Carthage, for appellant.

Millard V. Oakley, Livingston, Maddux, Cameron & Jared, Cookeville, for appellee.

I

## THE CASE

SHRIVER, J.   This suit involves the proceeds of three life insurance policies written by the complainant companies on the life of Sam B. Coward, who died testate on August 20, 1961. His estate was the beneficiary in each of the policies. However, his will purported to dispose of the proceeds of all three policies to certain creditors, hence, the administrator with the will annexed, claimed the proceeds which amounted to some $13,739.00.

On the other hand, the widow claimed the proceeds of said policies because, subsequent to the execution of the foregoing will, the said Sam B. Coward initiated and completed valid changes of beneficiary of all three policies from his estate to his wife, Mary E. Coward.

The Chancellor held in favor of the widow because she was the named beneficiary in said policies at the time of the insured's death. From the Chancellor's decree so holding the administrator has appealed and has assigned errors.

As is stated in Appellee's brief statement of the case in compliance with Rule 13 of this Court, the question for determination is whether a change of beneficiary executed by the policyholder subsequent to the execution by him of his will in which the proceeds of said policies were disposed of to certain named creditors, operated as an ademption or revocation of that particular provision of

the will, the right to change the beneficiary having been reserved to the insured.

## II

## THE PLEADINGS

The Lamar Life Insurance Company filed its bill of interpleader against Mary E. Coward, widow of Sam B. Coward and M. A. Allen, Administrator of his estate, tendering into Court the sum of $10,000.00 the proceeds of its Policy No. 243423. The Minnesota Mutual Life Insurance Company filed its bill of interpleader against the same defendants, tendering into Court $2,734.18, the proceeds of its Policy No. 433113, and $1,004.84, the proceeds of its Policy No. 459910.

The Union Bank and Trust Company, one of the creditors named in the will, filed an intervening petition and was awarded a judgment against the estate of Sam B. Coward of $17,209.34 but did not appeal from the judgment of the Chancellor awarding the proceeds of these policies to the widow.

The will of Sam B. Coward was executed on May 14, 1961 and in the Third item of said will he asserted that he was indebted to the Union Bank and Trust Company of Livingston, Tennessee for several thousand dollars and also to his friend Freeman Apple for borrowed money, and to J. Robert Mitchell "for several hundred dollars." The said Item of the will then proceeded "And it is my will and desire that this insurance money be used by my executrix in the payment of the amount I owe to the Union Bank & Trust Company, Freeman Apple and J. Robert Mitchell at the date of my death." He died on August 20, 1961 and the aforesaid will was duly probated as his last will and testament.

The record shows that as to the Lamar policy which was made payable to the insured's estate, the application for change of beneficiary to "Mary E. Coward, wife of the insured" was dated May 31, 1961 and was changed on the records of the company on June 13, 1961.

As to the Minnesota policies, the letter of the insured requesting the change to "Mary E. Coward, Livingston, Tennessee" was dated May 31, 1961 and was entered on the company's records on June 19, 1961, as to one of the policies, and on June 15, 1961, as to the other policy.

It thus appears that all of the changes of beneficiary were initiated by the insured on May 31, 1961 and completed not later than June 19, 1961, subsequent to the execution of the will of Sam B. Coward and prior to his death.

This case was tried before a jury and issues were submitted on the questions of the testator's mental capacity and alleged undue influence and fraud, all of which were answered by the jury adversely to the appellant and favorably to the widow.

After the jury verdict the administrator made a motion for a judgment notwithstanding the verdict which motion was overruled.

## III

### ASSIGNMENTS OF ERROR

In his exhaustive and well reasoned brief, counsel for the appellant states:

"We are abandoning the issues submitted to the jury, and relying upon two legal questions only, to wit:

1. That when Sam B. Coward, Sr., executed his Will on the 14th day of May 1961, all of his life insurance

was payable to his estate and he used 'apt' words directing that this be used to pay creditors he named therein, which he had a clear right to do at that time.

There is no proof of a valid revocation of that Will. The fact that he requested the Company to change the beneficiary from his estate to Mary E. Coward afterwards and that request being witnessed by only one witness, and the request not being all in the handwriting of the deceased, does not have the solemnities as required by law to revoke a Will.

2. Sam B. Coward, Sr., died testate on the 20th day of August, 1961, and his Will controls who shall get the life insurance over his widow, Mary E. Coward, who claims to have been named the beneficiary of the insurance after the Will was executed. A man's Will, when 'apt' words are used, will control who the beneficiary of his life insurance policies will be, where he has reserved the right to change the beneficiary.''

Appellant's assignments which it will not be necessary to copy, raise the foregoing issues.

## IV

## OUR CONCLUSIONS

It is insisted by counsel for appellee, Mary E. Coward, that she is claiming the proceeds of these policies because she was the named beneficiary in each of them and is not claiming by virtue of Section 56-1108, T.C.A., which provides that the widow and children of the insured take the proceeds of any policy or policies on the life of the husband and father, free of the claims of creditors. Counsel concede that where life insurance is made payable to the estate of the insured he may, by will, provide

for the disposition of its proceeds so as to defeat the claim of the widow and children.

As indicated hereinabove, counsel for appellant insists that the will of Sam B. Coward constitutes a valid disposition of his insurance and that in order for him to have revoked this provision of his will he would have had to execute a writing with such formalities as are required by law to make or revoke a will, and that, since there was at most only one witness to the application of the testator for the change of beneficiary, this was not sufficient to revoke the clauses of his will disposing of the proceeds of said policies.

Appellant further contends that because of Section 32-301, T.C.A., which provides that a will is presumed to speak and take effect as of the time of the testator's death, the will in question should be considered as taking effect subsequent to the changes of beneficiary.

We agree with counsel for the appellees that this statute does not have the effect claimed for it by appellant. See Lockett v. Thomas, 179 Tenn. 240, 245, 165 S. W.(2d) 375, and cases therein cited.

Counsel for appellant cites numerous cases from other jurisdictions and some Tennessee cases which he seeks to distinguish and insists that the only Tennessee authority to be found supporting the position of appellee consists of certain statements of our courts by way of dictum.

We think that the weight of authority from other jurisdictions, as well as the pronouncements by our own courts, support the position of the appellee.

In Metropolitan Life Insurance Company v. Bryant, et al., 28 Tenn.App. 473, 191 S.W.(2d) 449, which is an

appeal from the Chancery Court of Davidson County wherein the writer of this opinion, as Chancellor, held substantially in accord with the contentions of counsel for appellee in the case at bar, and in which case the Court of Appeals, speaking through Judge Howell, affirmed the Chancery Court.

In that case the Court of Appeals' opinion states:

"The proceeds of an insurance policy in which the beneficiary is named are not subject to an oral gift or assignment and do not pass by will so as to defeat the rights of the named beneficiary."

The foregoing opinion is in line with authority in this state which dates back at least to the year 1897 when our Supreme Court in Schardt v. Schardt, 100 Tenn. 276, 45 S.W. 340, dealing with life insurance and the surrender and renewal of policies, held that a member of a benevolent order could not directly or indirectly dispose of his certificate by will so as to defeat or affect the rights of the beneficiaries named therein.

In American Trust & Banking Co. v. Balfour, 138 Tenn. 385, 198 S.W. 70, L.R.A. 1918D, 536, the Court in dealing with the proceeds of a policy of life insurance stated that a bequest of life insurance proceeds to the daughter, is a specific legacy, and, where, after the execution of the will the testator collected the cash surrender value of the policies and deposited same in a savings account with other funds and later invested all of it in real estate mortgage notes which were held at the time of his death, this constituted an ademption of the bequest of the life insurance proceeds.

The Court further said:

"The ademption of a specific legacy is the extinction, alienation, withdrawal, or satisfaction of the legacy by some act of the testator by which an intention to revoke is indicated; the doing of some act with regard to the subject-matter which interferes with the operation of the will."

Thus, it is that we agree with the position of counsel for the appellee that a change of beneficiary, where that right is reserved in the policy, operates as an ademption or revocation pro tanto of a previously executed will which purports to dispose of the proceeds of life insurance policies. Phillips Prichard Law of Wills, Third Edition, Volume 1, Section 306 and cases referred to therein.

It results that the Assignments of Error are overruled and the judgment of the trial court is affirmed.

Affirmed.

Humphreys and Puryear, JJ., concur.