NANCY WEAVER *v.* MADELINE SCHULTZ, EXECUTRIX OF THE ESTATE OF BERTUS F. SCHULTZ

[No. 1-1277A309. Filed September 26, 1978.]

*Jack R. Shields*, of Batesville, for appellant.

*John L. Kellerman, Wycoff, Greeman & Kellerman,*of Batesville, for appellee.

ROBERTSON, J. — Petitioner-appellant Weaver is appealing the granting of a summary judgment in favor of the respondent-appellee Schultz. Weaver, daughter of the decedent Bertus F. Schultz, had petitioned the trial court for the construction of decedent's will. Schultz, the decedent's widow and executrix of his estate, contested Weaver's petition.

The issue raised by Weaver is whether the trial court's granting of the summary judgment is contrary to law.

We affirm.

The facts of the case as stipulated by the parties show that Weaver, the decedent's only child, was the subject of Item 2 of the decedent's will which reads:

> "Item 2.    During my lifetime, I have arranged my insurance program so my daughter, Nancy Lee Schultz is beneficiary on part of my life insurance, and it is my will that the proceeds from this life insurance policy shall be her share in my said estate."

At the time of the execution of decedent's will (July 3, 1958), a life insurance policy on decedent was in force with Weaver being named as

beneficiary. In May, 1959, decedent changed the beneficiary to his wife Schultz. Schultz was also the residuary beneficiary of the decedent's will and was the third subsequent, childless, spouse of the decedent. The decedent, on three separate occasions in 1970, borrowed from the cash value of the insurance policy thereby virtually exhausting the funds available from the policy. Those funds were used to purchase a business property held in decedent's individual name, which eventually became an asset of his estate. In 1971, the decedent was paid the remainder of the cash surrender value of the policy.

In granting Schultz's motion for summary judgment, the trial court incorporated the stipulation of facts and held, among other things, that Item 2 of the will was not ambiguous, and:

16.    That in view of the wording of Item 2 of decedent's will and his subsequent act in deleting the petitioner as beneficiary under said life insurance policy and substituting his wife, Madeline Schultz, as against disherison of heirs is not applicable in this case.

17.    That in view of the findings of the Court and the fact that the loan proceeds from said life insurance policy were converted to real estate and thereby change in substance, notwithstanding the fact that the decedent continued to hold title to the real estate in his individual name, any possible bequest or devise intended by the deceased by reason of Item 2. of his will has been lost by ademption by extinction.

We hold that Item 2 was a specific legacy which adeemed upon its exhaustion.

A specific legacy is a bequest of some definite or specific part of the testator's estate which is capable of being designated, identified, and distinguished from other like things composing the testator's estate. *In re Estate of Brown v. Schaffer* (1969), 145 Ind. App. 591, 252 N.E.2d 142. Money may be a specific legacy if it is designated with sufficient certainty. 2 HENRY'S PROBATE LAW AND PRACTICE 1224 (6th ed. J. Grimes 1954); *Waters v. Selleck* (1930), 201 Ind. 593, 70 N.E. 20. A bequest of specific property is adeemed if such property is destroyed before the testator's death. 6 PAGE ON WILLS § 54 (Bowe-Parker rev. 1962).

There has long been a divergence of opinion as to the proper applica-

tion of the rule of ademption. Historically the courts of this country, and England, in early times followed the dictates of Justinian, holding a testator's intention crucial to the operation of the doctrine of ademption. With the realization of possible abuse under the pure intention theory, however, judicial tribunals sought a practical solution by holding that ademption occurred, regardless of a testator's intention, if the property specifically bequeathed was not found in the estate upon death. As one might expect, this identity theory bore the potential of being at odds with testator's intention. Consequently, a third approach to ademption was created: the form and substance test. *In re Wright's Will* (1960), 7 N.Y.2d 365, 65 N.E.2d 561. Accordingly, if there has only been a change in form in the bequest since execution of the will, there is no ademption, but if the change is one of substance, then the legacy is adeemed. Thus, the question whether the tsetator intended for an ademption to occur is eliminated; rather the question is whether the specific subject matter of the bequest still exists at the testator's death. The Second District of this Court followed this approach (referred to as the "Modern Rule") in *Pepka v. Branch* (1973), 155 Ind.App. 637, 294 N.E.2d 141. To the extent that the "Ancient Rule" of the ascertainment of the testator's intent, rather than the "Modern Rule" was applied in *In re Brown's Estate* (1969), 145 Ind.App. 591, 252 N.E.2d 142, such was overruled by the court in *Pepka, supra.* We agree with the reasoning as stated by Judge Buchanan in *Pepka:*

> The foregoing discussion is not meant to imply that the intention of the testator has no relevance whatsoever in applying the doctrine of ademption. *Its relevance is limited, however, to an examination of the four corners of the will to determine the identity or exact thing which is the* subject matter of the bequest [Our emphasis] *at the time of the execution of the will.* [Emphasis original].

155 Ind.App. at 657, 294 N.E.2d 153.

We have found no Indiana decisions addressing a similar situation. However, *Minnesota Life Insurance Co. v. Allen* (1965), 55 Tenn. App. 405, 401 S.W.2d 589, is similar to the case at bar. In that case, the testator had named his estate as beneficiary of his three insurance policies although his will purported to dispose of the proceeds of all three policies

to certain creditors. Subsequent to the execution of his will, however, the testator changed the beneficiary of all the policies from his estate to his wife. The Tennessee Court of Appeals held that where the right to change a beneficiary is reserved in a policy, such a change operates "as an ademption or revocation pro tanto of a previously executed will which purports to dispose of the proceeds of life insurance policies." 55 Tenn. App. 405 at 408, 401 S.W.2d 589 at 592. *See also: American Trust and Banking Co. v. Balfour* (1917), 138 Tenn. 385, 198 S.W. 70 (where a bequest of the proceeds of specified life insurance policies in trust for the testator's daughter was determined to be specific and to have adeemed by the collection of the surrender value of the policies by the testator during his lifetime).

It has been held that if a testator gives the proceeds of certain property *and* it appears from the terms of the will that he gives such proceeds even if the property is sold in his lifetime, the beneficiary may receive the proceeds as far as they can be traced. *Durham v. Clay* (1911), 142 Ky. 96, 134 S.W. 153; *In re Canfield* (1929), 248 Mich. 571, 227 N.W. 726. Moreover, a gift of the proceeds of an insurance policy passes the amounts paid to the testator in his lifetime after he made the will, *Lyon v. Safe Deposit and Co.* (1913), 120 Md. 514, 87 A. 1089; however, this does not apply to realty which was bought by the testator with the cash surrender value, *American Trust and Banking Co., supra*. That situation is similar to where a will provides for a sale of property after the testator's death and for a gift of the proceeds, a sale of the property by the testator in his lifetime will operate as an ademption. *Alcorn v. Alcorn* (1941), 309 Ill.App. 267, 32 N.E.2d 982; *Meily v. Knox* (1915), 269 Ill. 463, 110 N.E. 56; *Sharp v. McPherson* (1895), 10 Ohio C.C. 181.

In the instant case, there is no ambiguity either as to the identity of the bequest as insurance policy proceeds or to the testator's intent at the time of the execution of the will that Weaver was to receive the bequest as her share of the estate. There also is no disagreement that a change in the bequest occurred. Such change was not merely an alteration in form, but rather, one of substance; in fact, the bequest of proceeds clearly did not exist at the death of the testator. We therefore

hold that the trial court did not err in granting summary judgment for Schultz and thereby affirm.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 380 N.E.2d 601.