[Cite as *State v. Stout*, 2011-Ohio-3522.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 6-10-16

      v.

MARK ALLEN STOUT,                  O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 2010-2108-CRI

**Judgment Affirmed**

Date of Decision: July 18, 2011

APPEARANCES:

    *Nicole M. Winget* **for Appellant**

    *Maria Santo* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Mark Allen Stout (hereinafter "Stout"), appeals the judgment of conviction and sentence entered against him by the Hardin County Court of Common Pleas, following a jury trial in which Stout was found guilty of two counts of rape, two counts of sexual battery, and two counts of gross sexual imposition. For the following reasons, we affirm.

{¶2} On May 26, 2010, the Hardin County Grand Jury returned an indictment against Stout charging him with the following counts: two counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; two counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the second degree; four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2), felonies of the third degree.

{¶3} On June 9, 2010, Stout entered pleas of not guilty and not guilty by reason of insanity, and filed a motion for a psychiatric evaluation to determine his competency to stand trial. On July 30, 3010, a competency hearing was conducted, after which time the trial court found that Stout was competent to stand trial.

{¶4} On August 30, 2010, Stout's counsel filed a motion to withdraw from the case and Stout filed a letter requesting that the trial court appoint him new trial counsel. On September 22, 2010, after a hearing on the motion, Stout's counsel

withdrew his motion to withdraw, and the trial court appointed co-counsel to assist him with the case.

{¶5} On October 29, 2010, Stout filed a motion for separate trials for each of the victims involved in the case. At the motion hearing, the State dismissed two of the four counts of gross sexual imposition, which were the two counts that involved the second alleged victim. Thus, the State only proceeded with one victim for trial.

{¶6} The matter proceeded to a jury trial on November 3, 2010, and after the presentation of evidence, the jury returned guilty verdicts on all counts in the indictment. The trial court continued the matter for purposes of sentencing and a sexual classification hearing.

{¶7} On November 5, 2010, a sentencing hearing was held at which point in time the trial court imposed the following sentences: seven (7) years imprisonment for the rape in count one; three (3) years imprisonment for the sexual battery in count two, which was to be served consecutively to count one; one (1) year imprisonment for the gross sexual imposition in count three, which was to be served concurrently with count one; life with parole eligibility after ten (10) years for the rape in count four, which was to be served consecutively to count two; five (5) years imprisonment for the sexual battery in count five, which was to be served concurrently with count four; and two (2) years imprisonment for

the gross sexual imposition in count six, which was to be served concurrently with count four. Additionally, the trial court classified Stout as a Tier III sexual offender.

{¶8} Stout now appeals and raises the following three assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, WHERE COUNSEL FAILED TO MOVE FOR A MISTRIAL, WHERE INFORMATION CONCERNING ANOTHER ALLEGED VICTIM WAS PRESENTED TO THE JURY WHEN THAT INFORMATION WAS HIGHLY PREJUDICIAL TO THE DEFENDANT AND IT HAD BEEN DETERMINED PRIOR TO TRIAL THAT SUCH INFORMATION WOULD NOT BE ADMITTED.**

{¶9} In his first assignment of error, Stout argues that he received ineffective assistance of counsel when his trial counsel failed to move for a mistrial when prejudicial information concerning another alleged victim was presented during the trial.

{¶10} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show counsel's conduct was deficient or unreasonable, the defendant must

overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687.

{¶11} Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. See *State v. Bradley* (1989), 42 Ohio St.3d 136, 141-42, 538 N.E.2d 373, quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623.

{¶12} Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bradley*, 42 Ohio St.3d at 142, citing *Strickland*, 466 U.S. 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bradley*, 42 Ohio St.3d at 142; *Strickland*, 466 U.S. at 694.

{¶13} Here, during the pre-trial hearings, it was agreed to by the parties that the other alleged victim would not be included in the trial. At trial, after the State presented the two detectives involved in the case, the State played portions of State's exhibits 3 and 4, which were the audio recordings of the interviews taken

with Stout by the two detectives. (State's Exs. 3 & 4); (Nov. 3, 2010 Tr. at 236-279). During the playing of State's exhibit 3, the other alleged victim's name was mentioned by one of the detectives. (Id. at 238). Stout's defense counsel objected, and the trial court excused the jury for the attorneys to further discuss the matter. (Id. at 239-241). The trial court and counsel reviewed the portion of the audio recording objected to by defense counsel. (Id. at 241-246). Subsequently, the trial court ordered the State to exclude the statement from the audio recording, and allowed the parties time to edit the recording and figure out how they wanted to handle the issue. (Id. at 246-47). The parties went off the record at that point in time, and when they came back on the record, the trial court inquired as follows:

> **JUDGE: Back on the record, State versus Stout. When we left there was a problem with the CD recording. Counsel has worked that problem out?**
> **KELLEY [DEFENSE COUNSEL]: Yes Your Honor.**
> **BAILEY [PROSECUTOR]: Yes Your Honor.**
> **JUDGE: Your objection's been addressed sufficiently, Mr. Kelley?**
> **KELLEY: Yes Your Honor.**
> **JUDGE: Any reason not to bring the jurors back in?**
> **BAILEY: State knows no reason.**
> **JUDGE: Mr. Kelley, Mr. Grzybowski, any reason not to bring the Jury back in?**
> **GRZYBOWSKI [DEFENSE COUNSEL]: No reason.**
> **KELLEY: No Your Honor.**

(Id. at 247-48). At this point in time, the jury was then brought back into the courtroom and the State resumed playing the audio recording for the jury. (Id. at

248). At no point in time did Stout's defense attorneys move for a mistrial based on the mentioning of the other alleged victim's name.

**{¶14}** On appeal, Stout claims that his defense counsel was ineffective for failing to move for a mistrial after the other alleged victim's name was mentioned in the presence of the jury. However, we conclude that Stout has failed to demonstrate how his defense counsel's decision not to move for a mistrial following this incident rises to the level of ineffective assistance of counsel. As we stated above, strategic or tactical decisions, even debatable ones, will not form the basis for a claim of ineffective assistance of counsel. Moreover, we find that Stout has also failed to demonstrate prejudice. First of all, the other alleged victim's name was only mentioned once, the statement involving the other victim was very brief, and the context in which her name was referenced was only indirectly connected to the sexual allegations involving Stout. Nevertheless, we note that Stout's trial counsel immediately objected to the statement, at which point in time, after being ordered to remove any reference to the other victim, the parties spent time editing the remainder of the audio recording to ensure that the other victim's name was not played again before the jury. Furthermore, the other alleged victim's name was never mentioned again during the remainder of the trial.

**{¶15}** Therefore, Stout's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS ALL OF THE CHARGES AT THE CONCLUSION OF THE STATE'S CASE AND AT THE CONCLUSION OF THE EVIDENCE.**

## ASSIGNMENT OF ERROR NO. III

**THE JURY ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF RAPE, SEXUAL BATTERY, AND GROSS SEXUAL IMPOSITION.**

{¶16} In his second and third assignments of error, Stout argues that the trial court erred in failing to grant his Crim.R. 29(A) motion to dismiss, and that the jury erred in finding Stout guilty when there was insufficient evidence on the essential elements of the crimes alleged against him.

Crim R. 29(A) provides,

> **The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction for such offense or offenses.**

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 381

N.E.2d 184, syllabus. This court has previously found that the *Bridgeman* standard "must be viewed in light of the sufficiency of evidence test * * *." *State v. Foster* (Sept. 17, 1997), 3d Dist. No. 13-97-09, at *2.

{¶17} "With respect to sufficiency of the evidence, 'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386-87, 678 N.E.2d 541 (internal citations omitted).

{¶18} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.

{¶19} Here, Stout was charged with rape pursuant to R.C. 2907.02(A)(1)(b), which prescribes that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

{¶20} Stout was also charged with sexual battery pursuant to R.C. 2907.03(A)(5), which states that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * the offender is the other person's natural or adoptive parent."

{¶21} Finally, Stout was also charged with gross sexual imposition pursuant to R.C. 2907.05(A)(4), which prescribes that "[n]o person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶22} On appeal, Stout claims that the State failed to provide sufficient evidence that there had been sexual conduct or contact or that these incidents had occurred when the victim was less than ten years old.

**{¶23}** First of all, with respect to the issue of age, we note that Stout claims in general, without providing any further explanation, that there was insufficient evidence that the victim was less than ten years old. Despite his bald assertion, we note that as it pertains to the victim's age, Stout was charged with rape of a person who was less than thirteen years of age and gross sexual imposition of a person who was less than thirteen years of age. At the trial, the victim testified that she was currently twelve years old and would be turning thirteen in a month. (Nov. 3, 2010 Tr. at 112-13). Therefore, any of the alleged sexual acts that the victim testified to must have necessarily occurred when she was less than thirteen years of age.

**{¶24}** Furthermore, we also note that the indictment charged Stout with committing two different acts of rape, sexual battery, and gross sexual imposition – one of each of the counts pertained to dates from on or about December 2, 2005 through on or about December 2, 2007, and the remaining three counts pertained to dates from on or about December 3, 2007 through on or about April 6, 2010. However, the victim testified that the inappropriate touching started when she was eight years old (sometime in 2005) and happened even after she had turned ten years old (sometime in 2007). As such, there was at least some evidence that if believed a rational trier of fact could have concluded that Stout committed the two respective counts of the offenses of rape, sexual battery, and gross sexual

imposition. Thus, especially without any further explanation from Stout, we find Stout's argument unpersuasive.

{¶25} Next, Stout claims that there was insufficient evidence of sexual conduct and sexual contact. Sexual conduct is defined under R.C. 2907.01(A) as "vaginal intercourse between a male and a female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." Additionally, sexual contact, pursuant to R.C. 2907.01(B), means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶26} At trial, the victim testified that Stout was her biological father and that when she was eight years old, during one of her visits with her father at his trailer, her father started touching her inappropriately. (Nov. 3, 2010 Tr. at 122-23). In particular, the victim stated that Stout touched her "private area" and used his fingers both outside and inside her "private area." (Id. at 123). In addition, the victim testified that her father also had touched her breasts. (Id. at 124). The victim stated that she would tell her father to stop and that sometimes he would

stop, but other times, he would still put his fingers inside of her despite her telling him to stop. (Id. at 125-26). The victim said that these incidents occurred more than five times, and that he had done so even after she had turned ten years old. (Id. at 124, 126-27). Moreover, she said that all of these incidents took place in her father's bedroom, and that she would either be on his bed or on a "little chair in his room." (Id. at 125-26). The victim stated that she was always fully clothed, typically in a tank top and shorts or sweat pants, and that her father would touch her either on top of her clothes or would put her hands underneath her clothes when he put his fingers inside of her. (Id. at 131-32).

{¶27} In addition to the victim's testimony, the State also introduced State's exhibits 3 and 4 into evidence, which were audio recordings of the interviews conducted by law enforcement with Stout. In the interviews, Stout repeatedly tells the law enforcement officer that he cannot recall doing any of the acts alleged by the victim. (State's Exs. 3 & 4); (Nov. 3, 2010 Tr. at 232-279). However, Stout also repeatedly tells law enforcement officers that he does not think his daughter would lie about something like this, and at one point he tells them "if she's saying it happened, I ain't gonna call her a liar," and at another time Stout also tells them, "I ain't gonna call her a liar. She never lied to me, so why would she lie about this?" (State's Exs. 3 & 4); (Nov. 3, 2010 Tr. at 260, 273). In addition, at another point during the interview, Stout admits that about two years

ago his daughter told him that while they had been sleeping in the same bed, he had touched her breasts. (State's Exs. 3 & 4); (Nov. 3, 2010 Tr. at 272-74). When asked about why he continued to have his daughter sleep in the same bed as him despite knowing about this incident, Stout replied, "I thought I never did touch her again. She never said nothing more." (State's Exs. 3 & 4); (Nov. 3, 2010 Tr. at 274).

{¶28} Based on the foregoing, we cannot conclude that the trial court erred in denying Stout's Crim.R. 29(A) motion. A rational trier of fact could conclude that the State proved beyond a reasonable doubt that Stout had engaged in sexual conduct with the victim. Specifically, the victim testified that on more than five occasions Stout digitally penetrated her when she was under the age of thirteen. The victim's testimony also provided sufficient evidence that Stout had sexual contact with her while she was under the age of thirteen given her statements that Stout had not only touched the outside of her private area but had also touched her breasts. Stout even admitted to law enforcement officers to touching the victim's breasts on at least one occasion. From this evidence, a reasonable jury could conclude that Stout engaged in sexual conduct and sexual contact with the victim. Consequently, we find that Stout's assertion that there was insufficient evidence to support his convictions lacks merit.

{¶29} Stout also claims that there was insufficient evidence to support his convictions since the victim's testimony was vague and contradictory; however, these arguments concern the victim's credibility and, thus, pertain to the weight of the evidence rather than the sufficiency of the evidence. See *Thompkins*, 78 Ohio St.3d at 388-90. Stout has not raised a manifest weight of the evidence argument and, as we stated above, he has failed to identify in what respect the State failed to present sufficient evidence that Stout engaged in sexual conduct and sexual contact with the victim.

{¶30} Overall, we find that the trial court did not err in denying Stout's Crim.R. 29(A) motion and additionally find that the jury's verdicts were supported by sufficient evidence.

{¶31} Stout's second and third assignments of error are, therefore, overruled.

{¶32} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**